**Opinion issued July 2, 2019**



In The

# Court of Appeals

For The

# First District of Texas

_____

## NO. 01-18-00726-CV

_____

## CYNTHIA MARTIN, Appellant

## V.

## RICHARD WAYNE SANDERS, Appellee

---

**On Appeal from the 310th District Court**
**Harris County, Texas**
**Trial Court Case No. 2017-41092**

---

## MEMORANDUM OPINION

Cynthia Martin sued Richard Wayne Sanders, seeking to establish that he is the father of her daughter and requesting retroactive child support. When Martin and her counsel did not appear in court on the scheduled trial date, the trial court dismissed Martin's suit for want of prosecution. She filed a verified motion to

reinstate, asserting that her failure to appear was accidental, not intentional or the result of conscious indifference. After a hearing, the trial court denied the motion.

In one issue, Martin contends that the trial court abused its discretion when it denied her motion to reinstate. Because the record shows that the failure of Martin and her counsel to appear at trial was not intentional or the result of conscious indifference, we agree that the trial court abused its discretion when it did not reinstate her case.

We reverse and remand.

## Background

On June 20, 2017, Martin filed suit, requesting that Sanders be adjudicated the father of Martin's 19-year-old daughter, C.A.M. She also requested that Sanders be ordered to pay retroactive child support.

Sanders answered the suit. He denied that he was C.A.M.'s father, and he asserted that Martin's suit was barred by limitations.

On November 7, 2017, Martin filed a motion to compel Sanders to undergo genetic testing to determine whether he is C.A.M.'s father, and she served Sanders with discovery. Trial was set for December 13, 2017. Because the hearing on the motion to compel genetic testing was set for the same date as trial, Martin filed a motion for continuance. On December 8, 2017, the parties signed a Rule 11

2

agreement to reset trial until March 21, 2018. A couple of weeks later, Sanders filed a motion to substitute counsel, indicating that he had retained a new attorney.

Sanders's new attorney agreed to continue the March 21 trial date, and the parties filed a joint motion for continuance. They informed the court that the case was "not ready for trial" because they had "just completed paternity testing and the results are still pending, discovery has not been completed and the parties have not attended mediation in this matter."

The trial court granted the motion, and trial was reset for May 16, 2018. A couple of weeks before trial, Martin filed a motion for continuance, asserting the case was not ready for trial because it had not been mediated. Martin informed the trial court that she was ready for mediation to occur, and all discovery had been completed. Martin said that she had been "actively attempting to schedule mediation at a time convenient" for Sanders and his attorney, but she had become aware "of the unexpected and tragic death" of the father of Sanders's attorney, which had "severely impacted" the ability "to prepare for and to participate in mediation." Martin had "made several attempts to schedule mediation and to move for continuance in this case, but [had] been unable to get a response from [Sanders's] counsel."

3

The hearing on Martin's motion for continuance was scheduled for May 16, 2018, the same day that trial was set. When May 16 arrived, however, neither Martin nor her counsel appeared in court.

The next day, May 17, the trial court signed an "Order of Dismissal," ordering the case dismissed for want of prosecution. The order indicated that the reason for the dismissal was because trial had been set, and there was "no announcement by attorneys or parties hereto."

That same day, Martin filed a verified motion to reinstate. The verified motion, sworn to by Martin's attorney, provided as follows:

> [T]his case was dismissed without prejudice by the Court due to the failure of all parties to appear. . . . [Martin's counsel] was attending a deposition in a federal court case in which he is a witness, namely, . . . *Secretary of Labor, United States Department of Labor vs. Arizona Logistics, Inc. d/b/a Diligent Delivery Systems, et al.*, and unintentionally forgot to appear at the scheduled hearing on the motion for continuance.

> In the instant SAPCR case, the parties have recently completed the genetic testing and determined that Richard Wayne Sanders is the biological father of [C.A.M.]. All discovery in the case is now complete. Aware that this Court requires mediation before trial, [Martin's attorney] has attempted several times, although unsuccessfully, to set a mediation at a time convenient for [Sanders's attorney] and Sanders. [Martin's attorney] learned that [the] father [of Sanders's attorney] recently and unexpectedly passed away, and this has of course severely impacted her ability to prepare for and participate in mediation.

> . . . .

4

The Court should reinstate this case because [Martin] has diligently prosecuted this case. In fact, the parties have recently completed the genetic testing and determined that Richard Wayne Sanders is the biological father of [C.A.M.]. All discovery in the case is now complete. This case has been diligently prosecuted and is appropriate and ready for mediation.

Martin requested the trial court to reinstate the case "so that a mediation can occur in a timely manner and the trial can be reset." Sanders did not file a response to the motion.

On July 31, 2016, the trial court conducted a hearing on Martin's motion to reinstate the case. The parties' respective counsel attended the hearing. Martin's counsel explained that, before the May 16 trial date, he had contacted Sanders's counsel about mediation. Sanders's counsel had "informed [him] that her father had died and that as a result, we would need to reset the case for a later date." He said that he had then filed a motion for continuance, and "and it got set for the exact same time as the trial setting [on May 16]."

Martin's counsel explained that he had not appeared in the trial court on May 16 because "[u]nfortunately I had two daylong back-to-back depositions scheduled for the 15th and the 16th of May. They were as a result of two—a Fair Labor Standards Act case out of Arizona. I was to be a witness." Martin's counsel further explained: "What happened is on the 15th I was in deposition all day long. I finished up at 6:00 o'clock, went home on the 15th. The 16th was the day that we were supposed to be down here. I went back to the deposition, completely forgot about

5

the hearing down here." The trial court responded, "I hate to say it. That happens to all of us."

Sanders's counsel was also empathetic to opposing counsel's failure to appear. She said, "I understand . . . I miss hearings. I get that, Judge . . . ." She nonetheless argued that the case should not be reinstated. Although the dismissal order provided that the case was dismissed because Martin had not appeared on the trial date, Sanders's counsel asserted that the case should not be reinstated because it had been pending for 13 months, claiming Martin had not been actively prosecuting the case. She also argued that it was proper to dismiss the suit because it was not "fair" to Sanders, asserting Sanders has no money, has health issues, and should not be held liable for back-child support after so many years.

The trial court denied Martin's motion to reinstate the case. This appeal followed.

**Verified Motion to Reinstate**

In her sole issue, Martin contends that that the trial court abused its discretion by denying the verified motion to reinstate. Martin asserts that the motion established that her counsel did not appear in court for trial—which was also when the hearing on her motion for continuance was scheduled—because, on that day, he was testifying as a witness in a deposition in a federal case in Arizona; he had also testified there the previous day. Because he was preoccupied with testifying in that

case, he had forgotten about appearing in court for the hearing on the motion for continuance that was set on the trial date. Martin asserts that counsel's explanation establishes that his failure to appear was due to accident, inadvertence, and mistake and was not intentional or the result of conscious indifference.

## A.    Applicable Legal Principles

We review an order denying a motion to reinstate for an abuse of discretion. *See Smith v. Babcock & Wilcox Constr. Co.*, 913 S.W.2d 467, 468 (Tex. 1995). A trial court abuses its discretion when it acts "arbitrarily or unreasonably, without reference to guiding rules or principles." *Iliff v. Iliff*, 339 S.W.3d 74, 78 (Tex. 2011); *see Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241–42 (Tex. 1985).

Texas Rule of Civil Procedure 165a requires a trial court to reinstate a case "upon finding after a hearing that the failure of the party or his attorney [to appear] was not intentional or the result of conscious indifference but was due to an accident or mistake or that the failure has been otherwise reasonably explained." TEX. R. CIV. P. 165a; *see Smith*, 913 S.W.2d at 468. The operative standard is essentially the same as that for setting aside a default judgment under *Craddock v. Sunshine Bus Lines, Inc.*, 133 S.W.2d 124, 126 (Tex. 1939). *Smith*, 913 S.W.2d at 468.

A failure of the party or his attorney to appear is not intentional or due to conscious indifference "within the meaning of the rule merely because it is deliberate; it must also be without adequate justification." *Id.* "Proof of such

7

justification—accident, mistake or other reasonable explanation—negates the intent or conscious indifference for which reinstatement can be denied." *Id.* "Conscious indifference . . . means failing to take some action that would seem to be indicated to a person of reasonable sensibilities under similar circumstances," and it requires more than negligence. *Sellers v. Foster*, 199 S.W.3d 385, 400 (Tex. App.—Fort Worth 2006, no pet.); *see Smith*, 913 S.W.2d at 468.

A trial court abuses its discretion in denying reinstatement following a dismissal for want of prosecution when an attorney's explanation for a failure to appear is reasonable. *Kenley v. Quintana Petroleum Corp.*, 931 S.W.2d 318, 321 (Tex. App.—San Antonio 1996, writ denied) (citing *Smith*, 913 S.W.2d at 467–68). Some excuse, not necessarily a good excuse, is enough to show lack of conscious indifference. *Whitworth v. Blumenthal*, 59 S.W.3d 393, 401 (Tex. App.—Dallas 2001, pet. dism'd by agr.). "An excuse need not be a good one to suffice." *Milestone Operating, Inc. v. ExxonMobil Corp.*, 388 S.W.3d 307, 310 (Tex. 2012) (quoting *Fidelity & Guar. Ins. Co. v. Drewery Constr. Co.*, 186 S.W.3d 571, 576 (Tex. 2006)).

## B. Analysis

### *Trial court abused its discretion*

Here, Martin's uncontradicted verified motion to reinstate establishes that her counsel did not appear in court on the trial date, May 16, because he had been

testifying as a witness in depositions that day and the day before in a federal case. At the reinstatement hearing, Martin's counsel explained that the depositions were in Arizona. He had testified at the Arizona deposition on May 15, finishing that day at 6 p.m. and then continued his testimony the next day, which resulted in him failing to appear in court in this case. In the verified motion to reinstate and at the hearing, Martin's counsel indicated that his testifying in the federal Arizona case had caused him to forget to appear in court here; he said that his non-appearance on the trial date had not been intentional.

Sanders asserts in his brief that "the trial court could have failed to credit this explanation." He contends that "[t]he trial court could have reasonably inferred" that Martin's counsel "made a conscious choice to attend the deposition" rather than appear in the trial court. We disagree.

Because Sanders did not file a response to Martin's motion or otherwise controvert the sworn facts, the trial court was required to accept the factual allegations in the motion to reinstate as true.[1] *See S. Pioneer Prop. & Cas. Ins. Co.*

---

[1] At the hearing on the motion to reinstate, Sanders argued that dismissal for want of prosecution was proper because Martin had not diligently prosecuted the case. The dismissal order specified that the case was dismissed because Martin and her attorney did not appear on the trial date. When, as here, a dismissal order identifies a specific ground for dismissal, the plaintiff seeking reinstatement must negate only the reason stated in the dismissal order. *Rampart Capital Corp. v. Maguire*, 974 S.W.2d 195, 197 (Tex. App.—San Antonio 1998, pet. denied); *Shook v. Gilmore & Tatge Mfg. Co.*, 951 S.W.2d 294, 296 (Tex. App.—Waco 1997, pet. denied). Thus, Sanders's assertion that Martin did not use due diligence in prosecuting the case cannot support the trial court's refusal to reinstate. In any event, the record shows

9

*v. Wilson*, No. 01-17-00444-CV, 2018 WL 3384558, at *3 (Tex. App.—Houston [1st Dist.] July 12, 2018, no pet.) (mem. op.); *Dalmex, Ltd. v. Apparel Enters., Inc.*, 455 S.W.3d 241, 244 (Tex. App.—El Paso 2015, no pet.). If the uncontroverted facts negated intentional or consciously indifferent conduct, then the trial court was required to grant the motion to reinstate. *See Dalmex,* 455 S.W.3d at 244.

By analogy, in the context of a *Craddock* analysis, courts have determined that an attorney's failure to answer suit is not intentional or the result of conscious indifference when the cause of the failure to answer was forgetfulness. *See, e.g., Jackson v. Mares*, 802 S.W.2d 48, 51 (Tex. App.—Corpus Christi 1990, writ denied) (holding that attorney's forgetting about citations does not amount to conscious indifference); *Republic Bankers Life Ins. Co. v. Dixon*, 469 S.W.2d 646, 647 (Tex. Civ. App.—Tyler 1971, no writ) (determining that attorney forgetting to prepare answer because his secretary misplaced file was not conscious indifference). Similarly, here, counsel's uncontroverted, sworn explanation shows that he did not appear in court on the day of trial because he was preoccupied with testifying in out-of-state depositions, causing him to forget to appear in this case.

Although he may not have been "as conscientious as he should have been" in forgetting to appear, counsel's conduct did not amount to conscious indifference nor

---

that Martin had been actively engaged in the litigation process in the year preceding trial by moving for genetic testing, completing discovery, and taking steps to schedule mediation.

was it intentional. *See Smith*, 913 S.W.2d at 468. Because Martin's verified motion to reinstate reasonably explained why her counsel failed to appear in court on the day of trial, and because the record contains no evidence that the failure was intentional or the result of conscious indifference, the trial court abused its discretion when it denied Martin's motion to reinstate.

### *Error was harmful*

Sanders also asserts that any error by the trial court in denying the motion to reinstate was harmless error. An error is harmful if it "(1) probably caused the rendition of an improper judgment; or (2) probably prevented the appellant from properly presenting the case to the court of appeals." TEX. R. APP. P. 44.1(a).

Sanders argues that any error in dismissing the suit for want of jurisdiction is harmless because he is also entitled to dismissal of Martin's suit to adjudicate his paternity based on the statute of limitations. Sanders relies on Family Code Section 160.607(a), which provides that, when a child already has a presumed father, a proceeding to adjudicate parentage "shall be commenced not later than the fourth anniversary of the date of the birth of the child." TEX. FAM. CODE § 160.607(a). Sanders asserts that, if he is C.A.M.'s presumed father, then the four-year limitations provision applies to bar the suit, and he is entitled to its dismissal, rendering harmless any error in dismissing the suit for want of prosecution.

11

Family Code Section 160.204 defines under what circumstances a man is considered a "presumed father." *Id.* § 160.204. For example, the statute provides that a man is a presumed father if he was married to the child's mother when the child was born. *Id.* § 160.204(a)(1).

Sanders points out that Martin refers to him twice in her petition as C.A.M.'s presumed father. He claims that this constitutes a judicial admission that he is C.A.M.'s "presumed father."

A judicial admission is a clear, deliberate, and unequivocal assertion of fact that is conclusively established in live pleadings, making the introduction of other pleadings or evidence unnecessary. *Horizon/CMS Healthcare Corp. v. Auld*, 34 S.W.3d 887, 905 (Tex. 2000). Here, Martin's petition provides no contextual indication that Sanders qualifies as a presumed father as defined by Section 160.204 or that Martin had the statute in mind when she made the references. That is, it is not clear that Martin was referring to Sanders as C.A.M.'s presumed father in the statutorily-defined sense rather than in some colloquial sense. Thus, Sanders's status as C.A.M.'s presumed father is not conclusively established in the petition. *See id.*

And, although he raised limitations as an affirmative defense in his answer, Sanders never pursued summary judgment based on limitations. *See In re B.L.A.*, No. 05-07-00933-CV, 2008 WL 2313658, at *1 (Tex. App.—Dallas June 6, 2008, no pet.) (mem. op.) ("[A] party seeking dismissal of a case based on an affirmative defense, such

as the statute of limitations, should ordinarily raise that request in a motion for summary judgment."). The issue of limitations was never developed in the trial court, and, under the circumstances of this case, we cannot conclude that it renders error harmless that is otherwise harmful, that is, error that caused the rendition of an improper judgment.

We sustain Martin's sole issue.

## Conclusion

We reverse the trial court's judgment and remand the case for further proceedings.


Laura Carter Higley
Justice

Panel consists of Chief Justice Radack and Justices Higley and Hightower.