James SMITH and Wife, Shirley Anne Smith, and Lumbermen's Mutual Casualty Company, Petitioners,

v.

BABCOCK & WILCOX CONSTRUCTION COMPANY, INC. and The City of Austin, Respondents.

No. 94–0762.

Supreme Court of Texas.

Dec. 22, 1995.

Rehearing Overruled Feb. 9, 1996.

Charles T. Frazier, Jr., Dallas, Charles B. Lord, Austin, for Petitioners.

David S. Lill, Austin, Iris J. Jones, Austin, James N. Rader, Austin, for Respondents.

PER CURIAM.

We decide in this case whether the trial court abused its discretion in refusing to reinstate a case dismissed for want of prosecution when plaintiffs' attorney failed to appear for trial. The court of appeals affirmed the dismissal. 915 S.W.2d 22. We reverse.

James Smith was injured on a construction jobsite while employed by a subcontractor and received compensation benefits from Lumbermen's Mutual Casualty Co. Smith and his wife then filed this suit for damages in Travis County against the general contractor, Babcock & Wilcox Construction Co., and the project owner, the City of Austin (together, Babcock). Lumbermen's intervened to assert its subrogation rights. After the Smiths' attorney obtained a date for trial, he requested a trial setting for an unrelated case in Freestone County which had been filed after this case and involved a more recent incident. Trial of the case in Freestone County was set on the same date as trial of the Smiths' case.

The Smiths' attorney did not notify the parties or the court in this case of the conflicting setting until twelve days before trial, in an unverified motion for continuance. The motion misstated that the Freestone County case was older and preferentially set. The trial court heard argument by telephone and denied the continuance. No record was made of this conference call. Following the call the Smiths' attorney stated in a letter to the trial court that he understood from what the court had said during the call that it would reconsider his motion for continuance on the date of trial if the Freestone County case actually went to trial at the same time. The other parties did not share this understanding. The Smiths' attorney never requested a continuance in the Freestone County case and never mentioned the conflict to that trial court.

Neither the Smiths nor their attorney appeared on the trial date. Apparently anticipating this occurrence, Babcock's attorney came to court with a prepared motion to dismiss the case with prejudice for want of prosecution, together with exhibits and an order. Lumbermen's counsel appeared, advised the court that the Smiths' attorney was in trial in Freestone County, and re-urged the continuance. The court denied the continuance and granted Babcock's motion to dismiss. The court later denied the Smiths' and Lumbermen's motions to reinstate the case. The court of appeals affirmed. 915 S.W.2d 22.

■ When a case is dismissed for want of prosecution, "[t]he court shall reinstate the case upon finding after a hearing that the failure of the party or his attorney [to appear] was not intentional or the result of conscious indifference but was due to an accident or mistake or that the failure has been otherwise reasonably explained." TEX. R.CIV.P. 165a(3). The operative standard is essentially the same as that for setting aside a default judgment. *See Craddock v. Sunshine Bus Lines,* 134 Tex. 388, 133 S.W.2d 124 (1939). A failure to appear is not intentional or due to conscious indifference within the meaning of the rule merely because it is deliberate; it must also be without adequate justification. Proof of such justification—accident, mistake or other reasonable explanation—negates the intent or conscious indifference for which reinstatement can be denied. *Bank One, Texas, N.A. v. Moody,* 830 S.W.2d 81, 84 (Tex.1992). Also, conscious indifference means more than mere negligence. *Ivy v. Carrell,* 407 S.W.2d 212, 213 (Tex.1966).

■ The Smiths' attorney reasonably explained his failure to appear for trial. He was actually in trial in another county and believed, based upon his credible explanation, that the court would grant a continuance for that reason. Even if the Smiths' attorney was not as conscientious as he should have been, his actions did not amount to conscious indifference. Also, while the Smiths' attorney was wrong to state in his motion for continuance that the Freestone County suit was older and preferentially set when it was

neither, that misconduct would be ground for sanctions, not dismissal or denial of reinstatement.

Babcock argues that the Smiths' attorney was obliged to attempt to postpone the Freestone County trial, citing *Smock v. Fischel,* 146 Tex. 397, 207 S.W.2d 891, 892 (1948). In that case we held that a trial court did not abuse its discretion in proceeding to trial when defendant's counsel was in trial in another county because, among other things, he had made no effort to resolve the conflicting settings and had failed to contact the judge on the day of trial to tell him of his whereabouts. By contrast, the Smiths' attorney tried to resolve the conflict by moving for continuance in this case, and mistakenly understood that a continuance would be granted. His explanation was reasonable.

The denial of the Smiths' and Lumbermen's motions for reinstatement was an abuse of discretion. Accordingly, a majority of the Court grants the Smiths' application for writ of error and, without hearing oral argument, reverses the judgment of the court of appeals and remands this case to the trial court with instructions to reinstate the case. TEX.R.APP.P. 170.