Motion for Rehearing Granted; Majority and Dissenting Opinions of
December 15, 2005 Withdrawn; Affirmed; and Majority and Dissenting Opinions
filed July 13, 2006









Motion for Rehearing Granted; Majority and Dissenting
Opinions of December 15, 2005 Withdrawn; Affirmed; and Majority and Dissenting
Opinions filed July 13, 2006.

 

 

 

 

 

 

 

In The

 

Fourteenth Court of
Appeals

_______________

 

NO. 14-04-00660-CV

_______________

 

ANN KEOUGH, Appellant

 

V.

 

CYRUS USA INC. d/b/a ACE LIMOUSINE SERVICES

and HAMID REZA MIRABI, Appellees

                                                                                                                     
                          

On Appeal from County Civil Court at Law No. 4

Harris County, Texas

Trial Court Cause No. 705,133

                                                                                                                                               


 

D I S S E N T I N G   O P I N I O N   O N   R E H E A
R I N G

 








A trial court=s authority to dismiss for want of
prosecution arises from: (1) Texas Rule of Civil Procedure 165a; and (2) the
court=s inherent power.  Alexander v.
Lynda=s Boutique, 134 S.W.3d 845, 850 (Tex. 2004).  As relevant to this case,
a trial court may dismiss under rule 165a on the failure of a party seeking
affirmative relief to appear at trial for which the party had notice.  Tex. R. Civ. P. 165a(1); Villarreal
v. San Antonio Truck & Equip., 994 S.W.2d 628, 630 (Tex. 1999). 
Additionally, a trial court has inherent power under the common law,
independent of the rules of procedure, to dismiss where the plaintiff fails to
prosecute his or her case with due diligence.  Villarreal, 994 S.W.2d at
630.

Importantly, however, a court may not
dismiss a case for want of prosecution under either Rule 165a or its inherent
authority without first providing a party notice and an opportunity to be
heard.  Id.  AThe failure to provide adequate notice of the trial court=s intent to dismiss for want of
prosecution requires reversal.@  Id.

Where a verified motion to reinstate
is timely filed, an oral hearing is required under rule 165a, even if the
grounds in the motion do not mandate reinstatement, and a failure to hold such
a hearing requires reversal.  Thordson v. City of Houston, 815 S.W.2d
550, 550 (Tex. 1991).  The dismissal and reinstatement procedure set forth in
rule 165a is cumulative of the rules and laws governing any other procedures
available to the parties in such cases and is applicable to all dismissals for
want of prosecution, including those under the court=s inherent power, whether or not a
motion to dismiss has been filed.  Tex.
R. Civ. P. 165a(4). 








In this case, the trial court signed
a dismissal order six days after Keough failed to appear for trial without
providing any notice, before or after the trial date, of its intent to do so.[1] 
It also denied Keough=s timely filed, verified motion to reinstate without holding
a hearing on it.[2]  However,
Keough did not object in the trial court, or assign error on appeal, to this
lack of notice and lack of hearing.  Instead her challenge has been based
solely on the contention that her failure to appear was not intentional or the
result of conscious indifference within the meaning of Rule 165a(3).

A failure to appear is not
intentional or due to conscious indifference for this purpose merely because it
is negligent or even deliberate; it must also be without adequate
justification.  Smith v. Babcock & Wilcox Constr. Co., 913 S.W.2d
467, 468 (Tex. 1995).  Proof of such justification, i.e., accident,
mistake, or other reasonable explanation, negates the intent or conscious
indifference for which reinstatement can be denied.  Id.

Keough=s verified motion for reinstatement
asserted that her failure to appear was Aunavoidable@ because her counsel of record was
unable to practice law due to a pending disciplinary proceeding.  However,
attached to appellees= response to the motion to reinstate was an exhibit showing
that Keough=s counsel had been disbarred roughly six weeks before the trial date
which had been set over two months before the date of disbarment.  Therefore,
it was not apparent at the time of the denial of reinstatement (or
subsequently) that Keough=s failure to appear was unavoidable due to her
attorney=s previous disbarment; that is, why
it prevented her from hiring new counsel or at least appearing in court to
request a continuance.  In addition, although Keough contends on appeal that
she did not know of the disbarment or the trial setting, the record contains no
evidence to support these allegations.








Importantly, however, the
justification necessary to require reinstatement does not require a reasonable
justification for making the mistake, but only a justification consisting
of a mistake, as contrasted from conscious indifference.[3] 
Therefore, even if Keough=s failure to appear in this case due to her attorney=s disbarment amounted to a complete
lack of diligence, it did not rise to the level of conscious indifference, and
the trial court had no discretion to deny her motion to reinstate for failure
to show that her failure was not intentional or the result of conscious
indifference.[4]








The majority opinion concludes that
the trial court properly dismissed, and denied reinstatement, based on a
failure to diligently prosecute because Keough failed to address this in her
motion to reinstate and on appeal as an alternative ground for
dismissal.  However, on the date the case was called for trial, the trial court
had no discretion to even consider, let alone rule upon, a dismissal for
failure to diligently prosecute because no notice had been given of any intent
to do so.  Similarly, the dismissal order[5]
clearly reflects that appellees= motion to dismiss and the court=s granting of the motion was
triggered by Keough=s failure to appear.  The one-sentence finding in the order
that this was the seventh trial setting is mentioned in passing as a
consideration supporting the dismissal based on the failure to appear, but the
order contains no mention or finding of a failure to diligently prosecute, or a
recitation of any other facts that would support such a finding.  Because a
failure to diligently prosecute is not referred to in the order at all, let
alone presented as a basis that would have independently supported the
dismissal, i.e., even if Keough had not failed to appear, it was not an
alternative ground for the dismissal.  Therefore, because Keough had no notice
that the case was dismissed for failure to diligently prosecute, much less on
what facts any such decision could have been based, she had neither an
obligation nor an ability to challenge any such ground.

For these reasons, I would reverse
the judgment of the trial court.

 

 

 

/s/        Richard H. Edelman

Justice

 

Judgment rendered and Majority and
Dissenting Opinions on Rehearing filed July 13, 2006.

Panel consists of Justices Edelman,
Seymore, and Guzman.  (Guzman, J., Majority). 









[1]           The trial date had been
set in an order granting a motion for continuance, but neither this order, nor
any of the orders setting the preceding trial dates had contained any
indication that the case was subject to dismissal on those dates for failure to
appear or to diligently prosecute.  The record contains no other document
providing such notice for this trial date, and appellees do not contend that
any such notice was given or that the court even had any intent to dismiss
until appellees moved to dismiss after Keough failed to appear.  In addition,
the dismissal order recites that Keough had notice of the trial setting but
says nothing of any notice of an intent to dismiss:

BE IT REMEMBERED that on Tuesday, February 3, 2004,
the clerk called this case for trial.  DEFENDANTS appeared in person and through
their attorney of record, and announced ready for trial, however, PLAINTIFF and
her attorney failed to appear.  Whereupon, Defendants moved this Court to
dismiss this action for want of prosecution.  The Court finds that this current
trial date was the seventh trial setting of this matter, with the first trial
setting of this matter set for May 6, 2002.  The Court further finds that
proper notice was sent to counsel of record advising them of this current trial
setting.  Accordingly, the Court finds Defendants= Motion to Dismiss meritorious and should in all things be granted.

Because
there is no authority that providing notice of intent to dismiss can either be
presumed or inferred from a lack of affirmative evidence to the contrary, but
instead only authority that such notice is closely scrutinized even when it is
given, the record in this case supports only a conclusion that no notice of
intent to dismiss was provided by the trial court.





[2]           The lack of a hearing is indicated by the
language of the order denying the motion to reinstate, Aon this day came on to be considered . . . .@ rather than referring to a hearing; and the assertion
in appellees= brief that Keough did not request a hearing and none
was required.





[3]           See Smith, 913 S.W.2d at 468.  By
contrast, a motion for continuance requires a showing of sufficient cause
supported by affidavit, consent of the parties, or operation of law.  Tex. R. Civ. P. 251.  Even the absence
of counsel is generally not good cause for this purpose.  Tex. R. Civ. P. 253.  This discrepancy
between the standards for granting a continuance and reinstatement creates an
apparent anomaly in which a party who is not diligent enough to appear for
trial can effect a continuance (through dismissal and reinstatement), whereas a
party who is diligent enough to appear, but lacks sufficient cause for a
continuance, cannot.





[4]           The majority opinion
concludes that the trial court could deny Keough=s motion to reinstate based on
failure to appear because she produced no Aproof@ to support her allegations that she
was unaware her attorney had been disbarred or trial had been set or that she
was unable to secure other counsel.  However, her motion did not rely on those
allegations, but only on the fact that her attorney was unable to appear and
represent her due to his disbarment:

This case was
dismissed . . . due to the inability of the counsel of record to appear before
this court and prosecute this action.

This failure
was not intentional or the result of conscious indifference but unavoidable, in
that counsel of record, Zerrie L. Hines, was and remains under disciplinary
proceeding before the Board of Disciplinary Appeals, and therefore, unable to
engage in the practice of law pending the favorable outcome of his appeal.

Although
the Averification@ in
Keough=s motion states that her (successor) attorney Acertifies@
that the facts in the motion are true and correct, rather than that the facts
were sworn to or otherwise given under oath, appellees= response to the motion did not object to this
variance, but, more importantly, affirmatively stated and attached proof that
Keough=s counsel had indeed been disbarred.  Therefore, the
facts on which her motion was actually based were effectively stipulated, and,
thus, the motion was not within the trial court=s discretion to deny for lack of proof.





[5]           See supra, note 1.