

# NUMBER 13-12-00773-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

CRISELDA VILLARREAL,                                                  **Appellant,**

**v.**

HECTOR CEDILLO JR.,                                                 **Appellee.**

### On appeal from the County Court at Law No. 7
### of Hidalgo County, Texas.

# MEMORANDUM OPINION

### Before Chief Justice Valdez and Justices Perkes and Longoria
### Memorandum Opinion by Justice Perkes

By one issue, appellant Criselda Villarreal appeals the trial court's order denying her motion to reinstate her personal-injury case, which the trial court dismissed because Villarreal failed to appear when the trial court called her case. Because we hold

Villarreal's failure to appear was neither intentional nor the result of conscious indifference, we reverse and remand.

## I.   BACKGROUND

On October 22, 2012, county court number seven called Villarreal's case, but no one appeared on Villarreal's behalf.   Counsel for appellee Hector Cedillo Jr. asked the trial court to dismiss the case.   The trial court obliged.

Later that morning, Villarreal's counsel appeared before the trial court.   Villarreal's counsel apologized for his absence, and explained, "There was confusion with our office and we were in County Court Number Four where it was originally set."   The trial court responded that the case had already been dismissed.

On that same day, Villarreal's counsel filed a motion to reinstate.   In the verified motion, counsel alleged that he had been confused because the docket control order, signed by the parties, was "submitted to County Court 4" and because county court number four had held the docket control conference.   Counsel insisted the nonappearance was neither intentional nor the result of conscious indifference.

On November 6, 2012, the trial court held a hearing on the motion to reinstate. Villarreal's attorney presented the above argument to the trial court, noted that the case was originally set in county court number four, and again emphasized the nonappearance was unintentional.   The trial court denied the motion, stating:

> Counsel, if I recall correctly, there was no confusion as to where the case was, okay.  So standing there and telling me that there was confusion I think is a bit farfetched because we had a docket control conference here in this court . . . . I'm going to go ahead and deny your request, sir.

## II. APPLICABLE LAW AND STANDARD OF REVIEW

Under the Rules of Civil Procedure, "The court shall reinstate the case upon finding after a hearing that the failure of a party or his attorney was not intentional or the result of conscious indifference but was due to an accident or mistake or that the failure has been otherwise reasonably explained." TEX. R. CIV. P. 165a(3). "The operative standard is essentially the same as that for setting aside a default judgment." *Smith v. Babcock & Wilcock Const. Co.*, 913 S.W.2d 467, 468 (Tex. 1995) (per curiam). "A failure to appear is not intentional or due to conscious indifference within the meaning of the rule merely because it is deliberate; it must also be without adequate justification." *Id.* "Also, conscious indifference means more than mere negligence." *Id.*

We review a trial court's denial of a motion to reinstate for abuse of discretion. *Id.*; *Zarychta v. Montgomery Cnty. Dist. Atty.*, 398 S.W.3d 260, 264 (Tex. App.—Corpus Christi 2011, pet. dism'd). A trial court abuses its discretion when it acts in an arbitrary and unreasonable manner, or when it acts without reference to any guiding rules or principles. *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241–42 (Tex. 1985).

## III. DISCUSSION

We consider the explanation for nonappearance given by Villarreal's counsel to be reasonable in light of the record. The county court's case summary sheet, which is in the clerk's record, reflects that this case was originally placed in county court number four, but later transferred to county court number seven in November 2011. The docket control order that the parties signed in June 2012 includes county court number four in

the order's style.  We do not excuse Villarreal's nonappearance; counsel could have exercised greater attention to avoid potential confusion, but "conscious indifference means more than mere negligence."  *Smith*, 913 S.W.2d at 468.

The county court apparently disbelieved that Villarreal's counsel mistakenly appeared in the wrong county court.  Even deferring to the county court's assessment of the attorney's credibility, we find no evidence indicating counsel intentionally or with conscious indifference stayed away from the courtroom.  On the contrary, arriving at the courtroom late, apologizing to the court for the tardiness, explaining the tardiness resulted from a mistake and identifying a document in the record supporting the explanation, and immediately requesting the court to reinstate the case is not symptomatic of intentional nonappearance or conscious indifference.  *See* TEX. R. CIV. P. 165a(3) (mandating trial courts to reinstate a case unless the nonappearance was intentional or resulted from conscious indifference).  By ruling in a manner inconsistent with Texas Rule of Civil Procedure 165a(3) and controlling supreme court authority, *see, e.g., Smith*, 913 S.W.2d at 468, the trial court abused its discretion.  *See Downer*, 701 S.W.2d at 241–42.  We sustain appellant's issue.

## IV.  CONCLUSION

We reverse the trial court's order denying Villarreal's motion to reinstate and remand to the trial court for further proceedings consistent with this opinion.

> GREGORY T. PERKES
> Justice

Delivered and filed the 28th
day of August, 2014.

4