

# IN THE
# TENTH COURT OF APPEALS

## No. 10-16-00263-CV

**ANDREW HUSBAND,**

                                                           **Appellant**

 **v.**

**ZEKE'S TRUCKING CO., INC. AND KELLY DARSEY,**

                                                           **Appellees**

**From the County Court at Law
Walker County, Texas
Trial Court No. 12308CV**

## MEMORANDUM OPINION

Andrew Husband appeals from a judgment that dismissed his claims with prejudice after his counsel did not appear at a show cause hearing set on the trial court's own motion. Husband complains that the trial court abused its discretion by denying his motion to reinstate the proceeding and by failing to provide notice of its intent to dismiss prior to entering the judgment of dismissal. Because we find that the trial court abused its discretion, we reverse the judgment of the trial court and remand to the trial court for

further proceedings.

**PROCEDURAL HISTORY**

Husband filed this proceeding in Harris County initially and paid all of the filing fees due. Zeke's Trucking Company and Kelly Darsey filed a motion to transfer venue to Walker County which was granted and the proceeding was transferred. Upon receipt of the case, the Walker County Clerk sent a letter to counsel for Husband informing him that filing fees were due for the transferred case within thirty days. Counsel for Husband contends that he did not receive this letter. A few days past the thirty day deadline, counsel for Husband received an email from the clerk regarding the previous letter and the fee that was due. Counsel for Husband contends that he contacted the clerk's office twice to attempt to clear up the issue because he believed that the fee had already been paid by Husband.

Less than a week later, the trial court sent counsel for Husband a notice of a show-cause hearing set by the trial court, which was set nine days later. Counsel for Husband contacted the trial court's staff who informed him that he needed to pay the fee to the clerk's office, and the hearing would not take place if he paid the fee. Counsel for Husband did not pay the fee prior to the show cause hearing and did not appear at the hearing or attempt to have the hearing reset. The trial court dismissed the case at the show cause hearing.

Counsel for Husband timely filed a verified motion for reinstatement, claiming

that the failure to appear at the show cause hearing was not intentional or the result of conscious indifference but was due to an accident or mistake. Counsel for Husband argued that during the time leading up to the show cause hearing, he had been bedridden or in a wheelchair, and was unable to receive his mail which resulted in him not receiving the first letter regarding the fees. Counsel for Husband contended that he had attempted to pay the filing fees electronically but had been unable to do so because the system would not accept the payment due to the transfer of venue. Counsel further claimed that he had attempted to contact the clerk's office to arrange payment but had not received a return call. Counsel for Husband stated that he had four other hearings in Harris County that were scheduled at the same time as the show cause hearing, which made it impossible for him to appear and that he mistakenly failed to calendar the hearing because he intended to pay the filing fee which would have canceled the hearing.

The trial court conducted a hearing on the motion to reinstate, at which time counsel for Husband acknowledged that he had notice of the show cause hearing and knew that the fees were due prior to the hearing. The trial court denied the motion to reinstate and dismissed the proceeding with prejudice as to Zeke's Trucking and Kelly Darsey.

## DENIAL OF MOTION TO REINSTATE

In his first issue, Husband complains that the trial court abused its discretion by denying his motion for reinstatement because the failure to appear at the hearing and to

pay the fees was not intentional or the result of conscious indifference. We review an order denying a motion to reinstate under an abuse of discretion standard. *See Smith v. Babcock & Wilcox Constr. Co.*, 913 S.W.2d 467, 468 (Tex.1995) (per curiam). "A trial court abuses its discretion if it acts in an arbitrary or unreasonable manner without reference to any guiding rules or principles." *Walker v. Gutierrez*, 111 S.W.3d 56, 62 (Tex. 2003).

Under Rule 165a(3) of the Rules of Civil Procedure, a court "shall reinstate the case upon finding after a hearing that the failure of the party or his attorney was not intentional or the result of conscious indifference but was due to an accident or mistake or that the failure has been otherwise reasonably explained." TEX. R. CIV. P. 165a(3).

A failure is not intentional or due to conscious indifference within the meaning of the rule merely because it is deliberate; it must also be without adequate justification. Proof of justification for the failure to appear negates the intent or conscious indifference for which reinstatement can be denied. *Smith*, 913 S.W.2d at 468. When determining whether the trial court abused its discretion in refusing to reinstate, we review the entire record to ascertain whether there was enough evidence for the trial court to find the failure of the party was due to accident, mistake, or other reasonable explanation. *See Texas Dep't of Pub. Safety v. Deck*, 954 S.W.2d 108, 112 (Tex. App.—San Antonio 1997, no writ). The trial court abuses its discretion in denying reinstatement where the explanation of the failure to appear is reasonable. *See Kenley v. Quintana Petroleum Corp.*, 931 S.W.2d 318, 321 (Tex. App.—San Antonio 1996, writ denied).

The notices provided to Husband through his counsel did not comply with the Rules of Civil Procedure regarding the consequences of his failure to pay the filing fees. *See* TEX. R. CIV. P. 89. Rule 89 requires that the clerk notify the plaintiff or his attorney that "the case may be dismissed if the filing fee is not paid" and there was nothing provided to counsel for Husband regarding the show cause hearing to indicate that dismissal would occur for failing to pay the filing fees. The show cause hearing notice does not even include a basis for the show cause or include the purpose of the hearing. Further, counsel's explanation of his mistaken failure to appear at the show cause hearing, although establishing he was negligent, reasonably explains his failure to appear at the hearing. We find that the trial court abused its discretion in failing to grant Husband's motion to reinstate the proceeding. We sustain issue one. Because we have sustained Husband's first issue, we do not reach his second issue regarding the lack of notice of the dismissal.

## CONCLUSION

Having found that the trial court abused its discretion by denying Husband's motion to reinstate the proceeding, we reverse the judgment of the trial court and remand to the trial court for further proceedings.

TOM GRAY
Chief Justice

Before Chief Justice Gray,

Husband v. Zeke's Trucking Co., Inc.      Page 5

Justice Davis, and

Justice Scoggins

Reversed and remanded

Opinion delivered and filed February 7, 2018

[CV06]

