**REVERSE and REMAND and Opinion Filed March 23, 2023**



In The
# Court of Appeals
## Fifth District of Texas at Dallas

### No. 05-21-01145-CV

**MERON B. WELDA AND JEYERUSALEM B. WELDA, Appellants**
**V.**
**RAMANUJAM MANGAVALLI, Appellee**

**On Appeal from the 471st Judicial District Court**
**Collin County, Texas**
**Trial Court Cause No. 471-04642-2019**

## MEMORANDUM OPINION
Before Justices Pedersen, III, Goldstein, and Smith
Opinion by Justice Goldstein

Meron B. Welda and Jeyerusalem B. Welda appeal the overruling by operation of law of their verified motion to reinstate following the dismissal of their case for want of prosecution. In a single issue, the Weldas argue the trial court erred in not granting their motion to reinstate. We reverse the trial court's order dismissing this case for want of prosecution and remand for reinstatement and trial on the merits.

In August 2019, the Weldas filed their original petition against Ramanujam Mangavalli asserting a negligence claim arising from an automobile collision. The record shows the case was set for trial on October 6, 2021. At a pre-trial hearing on

September 30, 2021, the trial court told the Weldas' counsel "you probably won't get reached" on the day of trial. The Weldas' counsel did not appear for trial on October 6, and the trial court dismissed the case for want of prosecution that same day. The Weldas' counsel filed a verified motion to reinstate asserting that counsel's failure to appear at trial was not intentional, and "counsel mistakenly believed that the case was not called to trial and it was not necessary to appear at the trial setting."

At a hearing on the motion to reinstate in December 2021, the Weldas' counsel renewed his argument that he was not aware the case was going to be called to trial on October 6. Counsel stated he believed he was "listed as Number 5 or Number 6." The trial court advised the parties as follows:

> So if you have a trial setting and you haven't had it continued or some type of order telling you not to be here, the safe assumption is to show up on the trial date, because we do dismiss cases if we get that far down the docket. And I think that may have been the week that we got down to Number 8, and we were ready to hear Number 8 that morning.

The trial court stated it would "review the motion and take it under advisement," but the trial court did not enter an order denying or granting the motion to reinstate. Following the expiration of the trial court's plenary power, the Weldas filed this appeal.

In a single issue, the Weldas assert the trial court abused its discretion in failing to grant their motion to reinstate. We review a denial of a motion to reinstate under an abuse of discretion standard. *Mansaray v. Phillips*, 626 S.W.3d 402, 405 (Tex. App.—Dallas 2021, no pet.). To determine whether there is an abuse of

–2–

discretion, we must determine whether the trial court acted without reference to any guiding rules and principles. *Id.* Under rule 165a, a court may dismiss a case after notice and a hearing for want of prosecution for two reasons: failure to appear or failure to comply with the Texas Supreme Court's time standards. TEX. R. CIV. P. 165a; *Mansaray*, 626 S.W.3d at 405. In addition to the court's power to dismiss under rule 165a, the common law also vests the trial court with the inherent power to dismiss independently of the rules of procedure when a plaintiff fails to prosecute his or her case with due diligence. *Villarreal v. San Antonio Truck & Equip.*, 994 S.W.2d 628, 630 (Tex. 1999).

After a court dismisses a lawsuit for want of prosecution for failure to appear under rule 165a(1), an appellant may file a motion to reinstate under rule 165a(3). *See* TEX. R. CIV. P. 165a(1), (3). Under rule 165a(3), a trial court "'shall reinstate the case upon finding after a hearing that the failure of the party or his attorney [to appear] was not intentional or the result of conscious indifference but was due to an accident or mistake or that the failure has been otherwise reasonably explained.'" *Smith v. Babcock & Wilcox Const. Co.*, 913 S.W.2d 467, 468 (Tex. 1995) (per curiam) (quoting TEX. R. CIV. P. 165a(3)). This standard is essentially the same as that for setting aside a default judgment. *Id.* (citing *Craddock v. Sunshine Bus Lines*, 134 Tex. 388, 133 S.W.2d 124 (1939)). Conscious indifference means more than mere negligence, and a failure to appear is not intentional or due to conscious indifference for rule 165a purposes simply because it is deliberate; instead, it must

–3–

be without adequate justification. *Id.* Proof of such justification, such as accident, mistake, or other reasonable explanation, negates the intent or conscious indifference for which reinstatement can be denied. *Id.* (citing *Bank One, Texas, N.A. v. Moody*, 830 S.W.2d 81, 84 (Tex. 1992)).

The record of the hearing on the motion to reinstate shows the Weldas' counsel relied on the trial court's statement at a pretrial hearing that "you probably won't get reached" on the day of trial to explain his failure to appear at the October 6 trial. Thus, counsel's testimony established he mistakenly believed that trial would not proceed on October 6 and thus failed to appear for trial. When an explanation is reasonable, as we have here, a trial court abuses its discretion in failing to reinstate. Under these circumstances, we conclude the trial court abused its discretion in allowing the Weldas' motion to reinstate to be overruled by operation of law. *See* TEX. R. CIV. P. 165a; *Smith*, 913 S.W.2d at 468. We sustain the Weldas' single issue.

We reverse the trial court's order dismissing this case for want of prosecution and remand for reinstatement and trial on the merits.

/Bonnie Lee Goldstein/
BONNIE LEE GOLDSTEIN
JUSTICE

211145F.P05

—4—



## Court of Appeals
## Fifth District of Texas at Dallas
## JUDGMENT

MERON B. WELDA AND
JEYERUSALEM B. WELDA,
Appellant

No. 05-21-01145-CV     V.

RAMANUJAM MANGAVALLI,
Appellee

On Appeal from the 471st Judicial
District Court, Collin County, Texas
Trial Court Cause No. 471-04642-
2019.
Opinion delivered by Justice
Goldstein. Justices Pedersen, III and
Smith participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **REVERSED** and this cause is **REMANDED** to the trial court for reinstatement and trial on the merits.

It is **ORDERED** that each party bear its own costs of this appeal.

Judgment entered this 23rd day of March 2023.