**In The**

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-22-00101-CV**
_____

**ALEX NEAL JONES, Appellant**

**V.**

**HIROMI JONES, Appellee**

**On Appeal from the 418th District Court**
**Montgomery County, Texas**
**Trial Cause No. 21-04-04774-CV**

**MEMORANDUM OPINION**

After the trial court dismissed the child custody claims of the suit Alex Jones filed seeking to divorce his wife, Hiromi Jones, and to establish custody over their children based on Hiromi's Special Appearance and Answer asserting the parties were involved in another suit involving the same claims in California, the trial court dismissed the remainder of Alex's claims which concerned the divorce for want of prosecution. Alex appeals and he complains the trial court abused its discretion in

dismissing his petition for want of prosecution. *See* Tex. R. Civ. P. 165a(3). We affirm.

## I. Background

Alex and Hiromi Jones were married in Japan in 1996. During their marriage, they had two children and lived in Japan, Illinois, and California. When the parties separated in 2020, Alex moved to Texas. Hiromi and the children remained in California.[1] In late March of 2021, Hiromi sued for divorce and to establish the parties' rights to the custody to their children in California. Soon thereafter, Alex filed the same claims in the suit he filed in Texas.[2]

On the date scheduled for a hearing on temporary orders, May 13, 2021, Hiromi filed a Special Appearance, objecting to the jurisdiction of the court to adjudicate child custody issues under the Uniform Child Custody Jurisdiction and Enforcement Act (U.C.C.J.E.A.) and alleging the court lacked subject matter jurisdiction to adjudicate marital issues in Texas. *See* Tex. Fam. Code § 152.201. In her special appearance, Hiromi averred that the proper court to adjudicate the issues Alex had raised was in the suit she had filed in California, as that suit involved the parties' divorce and the issues that involved the respective parties' rights to the custody of the children. On that same day the trial court requested that the parties

[1] For ease of reference, we use the parties' first names.
[2] Hiromi filed a special appearance shortly after the Texas suit was filed alleging that Texas courts had no jurisdiction over her person or property.

file UCCJEA affidavits, by May 14, so the court could consider the special appearance and confer with the California court. On June 3, both attorneys and Alex appeared but the trial court did not rule on any motions. On June 9, the court issued its Docket Control Order, set the trial for October 25, 2021, and established certain pretrial deadlines that included a deadline requiring the parties to file inventories 45 days before trial and to complete mediation before October 15.

On June 11, the trial court conferred with the judge of the California court, determined the court in Texas lacked jurisdiction under the UCCJEA as to the child custody issues, and dismissed those issues for lack of jurisdiction. The trial court signed an order dismissing Alex's claims as to the child custody claims on June 15, 2021.

On October 14, the parties filed an agreed motion for continuance, representing that they had recessed mediation and needed more time "to investigate the property issues." That same day the court granted the agreed continuance and issued a new Docket Control Order, which set the parties for trial on January 31, 2022, with a pretrial setting for January 21.

On January 21, however, neither Alex nor Hiromi attended the pretrial conference, even though they were specifically required to do so by the trial court's Docket Control Order. That said, their attorneys appeared, and the court questioned Alex's counsel about the jurisdictional issues, as follows:

3

THE COURT: . . . A determination has already been made by this court that this court does not have child custody jurisdiction. I do not see a date of separation in the petition, Mr. Parchman.

MR. PARCHMAN: I'll fix that.

THE COURT: When did these people separate?

MR. PARCHMAN: I believe they separated around February of last year. I have --

THE COURT: Of 2021.

MR. PARCHMAN: I don't want to misspeak. I have to look at my file and verify.

THE COURT: Where did they last live together before they separated?

MR. PARCHMAN: In California.

THE COURT: Did they ever reside together in Texas?

MR. PARCHMAN: No.

THE COURT: How would I have jurisdiction to divide the marital estate?

MR. PARCHMAN: Because he had lived here the requisite time.

THE COURT: Do you want to borrow my book and show me that?

MR. PARCHMAN: Sure.

THE COURT: Got you on hold.

MR. PARCHMAN: Thank you.

(Whereupon a recess was taken.)

After a brief recess, the following exchange occurred:

THE COURT: . . . I think Mr. Parchman was looking for something to show me in the Family Code.

MR. PARCHMAN: Yes, Judge, 6.305(a)2.

THE COURT: Okay. So you recognize, or you're acknowledging to me, by skipping (a)1, that Texas is not the last marital residence of the two parties?

MR. PARCHMAN: That's correct.

THE COURT: And since it wasn't, obviously, this suit was not filed before the second anniversary on the date before the date of the marital residence ended.

MR. PARCHMAN: That's correct.

THE COURT: If I'm hearing you correctly, this suit was filed in April of 2021 and in February of 2021, these parties were living together as husband and wife in the state of California.

MR. PARCHMAN: No. I believe that's incorrect.

THE COURT: Well, the petition doesn't say a date of separation. That's why I asked.

4

MR. PARCHMAN: I understand. I have to amend the petition, but he was living here for six months.

THE COURT: All right. Has either party filed an inventory?

MR. PARCHMAN: No, Your Honor. We're --we did file a continuance, though, this morning.

THE COURT: The joint motion for continuance claimed that this is the first trial setting which is not true. The case has been continued once before.

MR. PARCHMAN: Okay. Second.

THE COURT: Has anybody filed an inventory?

MR. CAIN: No, Judge.

THE COURT: All right. Case is going to be dismissed for want of prosecution today. Y'all are free to go.

After the exchange, the trial court dismissed the case for want of prosecution.

The trial court's order noted that the parties did not appear, that both attorneys appeared, and that no inventories had been filed, and that final mediation had not occurred prior to the final pretrial conference on January 21.

Alex filed a motion to reinstate arguing that the failure to file an inventory and to complete mediation resulted from the need to have account statements that were in Japanese translated into English. Alex claimed these failures were "not due to conscious indifference but inadvertent." Specifically, he represented he didn't comply with the deadline to file his inventory because the parties were waiting for the account statements to be translated; he further noted that because the mediation was started but not completed, the parties had filed an agreed motion for continuance.

5

## II. Standard of Review

We review a trial judge's dismissal for want of prosecution and a court's ruling on a motion to reinstate for an abuse of discretion. *See MacGregor v. Rich*, 941 S.W.2d 74, 75 (Tex. 1997) (dismissal for want of prosecution); *Smith v. Babcock & Wilcox Constr. Co.*, 913 S.W.2d 467, 468 (Tex. 1995) (denial of motion to reinstate). "A trial court abuses its discretion when it acts with disregard of guiding rules or principles or in an arbitrary or unreasonable manner." *In re Kappmeyer*, 668 S.W.3d 651, 655 (Tex. 2023).

## III. Analysis

A trial court has the authority to dismiss a case for want of prosecution, but it must "reinstate the case upon a finding after a hearing that the failure of the party or his attorney was not intentional or the result of conscious indifference but was due to an accident or mistake or that the failure has been otherwise reasonably explained."[3] Tex. R. Civ. P. 165a(1), (3); *Villarreal v. San Antonio Truck & Equip.*, 994 S.W.2d 628, 630-31 (Tex. 1999) (discussing a trial court's power to dismiss a case for want of prosecution).

---

[3] No one disputes that the motion to reinstate was timely filed, that it was verified, or that it failed to set for the grounds on which it was based. *See* Tex. R. Civ. P. 165a(3). *Cf. Watson v. Clark*, No. 14-14-00031-CV, 2015 Tex. App. LEXIS 1707, at **5-6 (Tex. App.—Houston [14th Dist.] Feb. 24, 2015, no pet.) (mem. op.).

In *Smith*, our Supreme Court held that even a calculated but erroneous act or omission will not be considered "intentional or due to conscious indifference within the meaning of the rule merely because it is deliberate; it must also be without *adequate justification*. Proof of such justification -- accident, mistake or other *reasonable explanation* -- negates the intent or conscious indifference for which reinstatement can be denied." 913 S.W.2d at 468 (emphasis added). In the instant case, the trial court found Alex's explanations for failing to comply with the trial court's Docket Control Deadlines insufficient given the fact that before dismissing the case, the trial court had given the parties a continuance.[4]

The trial court's Scheduling Order apprised the parties of the court's deadlines, specifically, that the parties had to file sworn inventories 45 days before trial, and to complete mediation 15 days before trial. The trial court's Scheduling Order includes a requirement that the parties be present for the pretrial conference, as it states:

> **DOCKET CALL-PRETRIAL CONFERENCE**. **(TIME: 9:00 a.m.)**. Parties shall be present and prepared to discuss all aspects of trial with the court on this date. Parties shall comply with the enclosed **Trial Preparation Order –Family.**

---

[4] The trial court's Order of Dismissal notes that Alex and Hiromi failed to appear at docket call, that no inventories were filed, and states "no mediation[,]" which we understand as meaning the mediation the parties represented they had started before obtaining the continuance the trial court gave them in October 2021 was then not completed before the January 2022 pretrial conference deadline.

**NOTICE OF INTENT TO DISMISS ON DOCKET CALL-PRETRIAL CONFERENCE DATE:** THIS CASE MAY BE DISMISSED FOR WANT OF PROSECUTION ON OR AFTER THE DATE OF THE DOCKET CALL-PRETRIAL CONFERENCE if by said date there is no:
a. Service with citation;
b. Answer or properly executed Waiver on file;
c. Mediation; or
d. Completion of approved PARENT EDUCATION PROGRAM, if applicable.

**Failure to appear at DOCKET CALL-PRETRIAL CONFERENCE may result in the dismissal of the case, appropriate sanctions and/or the exclusion of some or all of that party's evidence.**

(emphasis original)

The record supports the trial court's order finding that Alex acted with conscious indifference by failing to comply with the second of the trial court's Docket Control Orders. In the trial court, Alex had the burden to prove that his failure to comply with the trial court's orders resulted from an accident, mistake, or to provide the trial court with a reasonable explanation for his failure to comply with the trial court's order. Alex did not appear for the January 21, 2022, final pretrial. Alex failed to file an inventory 45 days before trial—even an inventory subject to supplementation or amendment when the information from Japan was translated. Alex provided no evidence of how long he had possession of the information written in Japanese and did not provide evidence that he could not understand how to translate the Japanese information himself, or through a Japanese interpreter (or even "Google Translate") at least 45 days prior to trial. Alex presented no evidence that

8

he had sent the documents to be translated, when they were sent, calls to the translation service to see when they would be back, or any explanation about why an inventory couldn't be timely filed. The trial court noted that the motion for continuance heard on January 21, 2022, had averred that this was the first continuance when, in fact, it was the second motion for continuance filed. This indicates a potential intention to be less than frank with the court. It appears that the only accident or mistake was in believing that the trial court would not follow through on the stated requirements of the second Docket Control Order and dismiss the case. Under these circumstances, we cannot say that the trial court abused its discretion by impliedly finding that Alex's failures were not merely inadvertent, but were, instead, "intentional or due to conscious indifference." *Smith*, 913 S.W.2d at 468; *see also Coston v. Coston*, No. 12-09-00458-CV, 2010 Tex. App. LEXIS 6645, at **3-7, 15 (Tex. App.—Tyler Aug. 18, 2010, pet. denied) (mem. op.) (discussing implied findings of conscious indifference in the context of affirming a default judgment and noting that it is a fact question for the trial court to resolve). We also cannot say that the trial court's implied conclusion that the explanation given for violating the second Docket Control Order was not reasonable. *Id*. at 15.

The trial court did not abuse its discretion in making this implied finding; we therefore overrule Alex's sole appellate point.

9

## IV. Conclusion

Because the trial court did not abuse its discretion by denying Appellant's motion to reinstate the suit, we affirm the judgment.

AFFIRMED.

JAY WRIGHT
Justice

Submitted on June 2, 2023
Opinion Delivered October 5, 2023

Before Golemon, C.J., Horton and Wright, JJ.