**Reverse and Remand and Opinion Filed December 13, 2023**



**In The**
**Court of Appeals**
**Fifth District of Texas at Dallas**

### No. 05-22-00997-CV

### PENNY L. YATES, Appellant
### V.
### WENDY HURTADO, Appellee

**On Appeal from the 193rd Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-18-13956**

## MEMORANDUM OPINION

Before Justices Pedersen, III, Garcia, and Kennedy
Opinion by Justice Pedersen, III

Appellant Penny L. Yates appeals the trial court's June 14, 2022 Order of Dismissal with Prejudice, which dismissed her claim against appellee Wendy Hurtado for failure to appear on the date scheduled for trial. In a single issue, Yates contends that the trial court abused its discretion because she was not notified by the court that she needed to appear for trial. We reverse the trial court's denial of Yates's motion for new trial, vacate the Order of Dismissal with Prejudice, and remand the case for further proceedings consistent with this opinion.

# BACKROUND

Yates and Hurtado were involved in a motor vehicle accident in 2017. Hurtado sued Yates, alleging that Yates was negligent and caused the accident by failing to yield the right of way while making a left turn. Yates filed a counterclaim, alleging that Hurtado was negligent and caused the accident by running a red light. Hurtado's claim was settled; Yates's claim was set for trial on June 14, 2022. When the case was called on that day, Hurtado's counsel was present, but neither Yates nor her attorney appeared. The trial court signed the Order of Dismissal with Prejudice based on her failure to appear.

Yates's counsel filed a motion for new trial supported by the Affidavit of Belinda Gutierrez, his legal assistant. The affidavit stated in relevant part:

> On Friday, June 10th at around 3:35 Ms. Cynthia Willis (Court Coordinator) called regarding our trial conflict letter that had been previously filed. I let her know that they can disregard that notice, because the case we were assigned to in Harris County had been settled and we can move forward with trial on Penny Yates. Ms. Willis then asked how many witness, I stated 2 or 3. She also asked about how many days we will need for trial. I stated 2 to 3 days. I asked her if we will need to be there on June 14th, 2022. Ms. Willis said she did not know yet. I asked her how I will know in time for us to make arrangements to get there from Houston. She said she will call us on Monday (the 13th) before the end of the day. I gave her my name, Belinda Gutierrez, and another legal assistant's name (Tara Robinson) so when she called she could ask for one of us. I never heard back from her on Monday June 13th.

The trial court held a hearing on Yates's motion for new trial. At the hearing, counsel for Yates stated the following;

Your Honor, this is a case that the reason we weren't there [was] because I would be traveling from Houston, I had my office in contact with the coordinator. She had spoken with one of my assistants on Thursday and told us we were No. 3 and that she would let us know where we needed to be, if I needed to be up there as the docket progressed on Friday. She spoke with one of my assistants Belinda who I've attached [her] affidavit to a motion for new trial and we were told that – Belinda asked if we needed to be at trial on Tuesday and she said she would let us know before the end of the business day on Monday. So that I would be able to on Monday – so that I would have time to drive to Dallas to prepare for the trial. We didn't receive a call on Monday. I actually also spoke with [Hurtado's counsel] as late as 3:30 in the afternoon and he hadn't heard anything in the afternoon either.

The trial court asked counsel for Hurtado if he had anything to add to that recitation of events, and counsel responded:

No, Your Honor. I do concur with everything [Yates's counsel] had informed – advised the Court. We had the same type of communication with [Yates's counsel's] office and with the Court coordinator and we don't have anything to add.

The trial court took the matter under consideration.

The motion for new trial was ultimately denied by operation of law, and this appeal followed.

**DISCUSSION**

The trial court's order states that Yates's claim was dismissed "pursuant to the Texas Rules of Civil Procedure, the Local Rules of the Civil District Courts of Dallas County, and the Court's inherent authority." A trial court's authority to dismiss a case for want of prosecution can stem from two sources: (1) Texas Rule of Civil Procedure 165a and (2) the court's inherent authority under common law. TEX. R. CIV. P. 165a; *Tunchez v. Houk*, No. 05-20-00330-CV, 2021 WL 5822839, at *3

(Tex. App.—Dallas Dec. 8, 2021, no pet.) (mem. op.). Rule 165a provides that "[a] case may be dismissed for want of prosecution on failure of any party seeking affirmative relief to appear for any hearing or trial of which the party had notice." Tex. R. Civ. P. 165a(1). The common law also vests the trial court with an inherent power to dismiss if a plaintiff fails to prosecute her case with due diligence. *Tunchez*, 2021 WL 5822839, at *3. Thus, it was within the court's power to dismiss Yates's claim when she did not appear on the day her case was called for trial.

However, rule 165a provides that when a case has been dismissed pursuant to its terms, the court must grant a properly filed motion to reinstate if it finds "after a hearing that the failure of the party or his attorney [to appear] was not intentional or the result of conscious indifference but was due to an accident or mistake or that the failure has been otherwise reasonably explained." Tex. R. Civ. P. 165a(3). This standard and procedure for reinstatement apply to all dismissals for want of prosecution, including cases dismissed pursuant to the trial court's inherent power. Tex. R. Civ. P. 165a(4). A failure to appear will not be deemed intentional or due to conscious indifference within the meaning of the rule merely because it is deliberate. *Smith v. Babcock & Wilcox Const. Co., Inc.*, 913 S.W.2d 467, 468 (Tex. 1995). Instead, the failure must also have been without justification. *Id.* And proof of justification—whether accident, mistake, or other reasonable explanation—will negate intent or conscious indifference. *Id.* As we have said, "[s]ome excuse—not

necessarily a good one—will suffice." *Tunchez*, 2021 WL 5822839, at \*5 (citing

*Milestone Operating, Inc. v. ExxonMobil Corp.*, 388 S.W.3d 307, 310 (Tex. 2012)).

We review a trial court's dismissal for want of prosecution for an abuse of discretion. *Mansaray v. Phillips*, 626 S.W.3d 402, 405 (Tex. App.—Dallas 2021, no pet.). Similarly, we review a trial court's denial of reinstatement for an abuse of discretion. *Franklin v. Sherman Indep. Sch. Dist.*, 53 S.W.3d 398, 401 (Tex. App.—Dallas 2001, pet. denied) (per curiam). A trial court abuses its discretion when it acts without reference to any guiding rules and principles of law. *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241–42 (Tex. 1985).

Yates contends that she did not deliberately disregard the trial date and did not act with conscious indifference to the potential dismissal of the case for want of prosecution. Instead, she relied upon the court coordinator's representation that she would notify counsel if the case were going to be reached for trial. When the coordinator did not call, Yates's counsel believed that they would not be called to trial on June 14th.

Hurtado argues that the only evidence presented by Yates, the Gutierrez affidavit, shows that Yates had actual notice of the trial setting. We agree, but this case does not turn on whether Yates had notice of the setting. Instead, the question before us is whether Yates's failure to appear was intentional or the result of conscious indifference, or whether it was the result of accident, mistake, or another reasonably explained circumstance. If the movant's explanation is adequate to show

–5–

such a justification, then she need not present evidence at the reinstatement hearing. *Brooks-PHS Heirs, LLC v. Bowerman*, No. 05-18-00356-CV, 2019 WL 1219323, at *4 (Tex. App.—Dallas Mar. 15, 2019, pet. denied) (mem. op. on reh'g) (citing *Dir., State Emps. Workers' Comp. Div. v. Evans*, 889 S.W.2d 266, 268 (Tex. 1994)).

We conclude that Yates's explanation of the reason she failed to appear is reasonable and sufficient to negate any intentional or consciously indifferent conduct. Here, counsel resided out of town and relied upon the representations of the court coordinator to know whether and when he needed to drive to Dallas for trial. Counsel for Hurtado did not challenge the factual basis for Yates's counsel's absence and agreed that the coordinator had agreed to call the attorneys if the case would be reached. We conclude that Yates has given a reasonable explanation for her failure to appear when her case was called for trial. When an explanation is reasonable, as Yates's is, a trial court abuses its discretion in failing to reinstate. *See Welda v. Mangavalli*, No. 05-21-01145-CV, 2023 WL 2607563, at *2 (Tex. App.—Dallas Mar. 23, 2023, no pet.) (mem. op.). Under these circumstances, we conclude the trial court abused its discretion in allowing Yates's motion for new trial to be overruled by operation of law. *See id.*

We sustain Yates's single appellate issue.

# CONCLUSION

We reverse the trial court's denial of Yates's motion for new trial, vacate the June 14, 2022 Order of Dismissal with Prejudice, and remand this case for further proceedings consistent with this opinion.


220997f.p05

/Bill Pedersen, III//
BILL PEDERSEN, III
JUSTICE



## Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

PENNY L. YATES, Appellant

No. 05-22-00997-CV      V.

WENDY HURTADO, Appellee

On Appeal from the 193rd Judicial District Court, Dallas County, Texas Trial Court Cause No. DC-18-13956. Opinion delivered by Justice Pedersen, III. Justices Garcia and Kennedy participating.

In accordance with this Court's opinion of this date, we **REVERSE** the trial court's denial of appellant's motion for new trial, **VACATE** the June 14, 2022 Order of Dismissal with Prejudice, and **REMAND** this case to the trial court for further proceedings consistent with this opinion.

It is **ORDERED** that appellant Penny L. Yates recover her costs of this appeal from appellee Wendy Hurtado.

Judgment entered this 13th day of December, 2023.