**Reversed and Remanded and Opinion Filed December 15, 2023**



In The

# Court of Appeals
## Fifth District of Texas at Dallas

### No. 05-22-01332-CV

**MICHAEL RICHARDSON, Appellant**
**V.**
**MELISSA S. MEJIA, MARIA CORTEZ, AND HECTOR MEJIA-CERVANTES, Appellee**

**On Appeal from the County Court at Law No. 1**
**Dallas County, Texas**
**Trial Court Cause No. CC-21-03920-A**

## MEMORANDUM OPINION

Before Justices Partida-Kipness, Reichek, and Breedlove
Opinion by Justice Breedlove

The trial court dismissed the underlying case for want of prosecution and denied appellant Michael Richardson's motion to reinstate. Richardson appeals, complaining that the trial court abused its discretion in failing to reinstate the case. Richardson's verified motion to reinstate provides a reasonable explanation for his failure to appear at the dismissal hearing which is not contradicted in the record; therefore, the trial court abused its discretion in denying the motion to reinstate. We reverse the trial court's judgment and remand the case to the trial court.

## I.    BACKGROUND

On September 14, 2021, Richardson filed suit against appellee Melissa S. Mejia who was driving a vehicle owned by appellees Maria Cortez and Hector Mejia-Cervantes that struck Richardson's vehicle. Richardson requested service of citation and the petition on appellees. Cortez was personally served, but attempts to serve Mejia and Mejia-Cervantes were unsuccessful. Richardson requested alternative service, which the trial court authorized. Mejia and Mejia-Cervantes were served through substitute service. None of the appellees filed answers, and on January 13, 2022, Richardson filed a motion for default judgment.

The trial court sent a notice of deficiency on March 9, 2022, and Richardson filed amended certificates of last known address and also filed amended affidavits of service for each of the three appellees. After holding a dismissal hearing on August 26, 2022, at which Richardson did not appear, the trial court dismissed the case on August 30, 2022.

On September 29, 2022, Richardson filed a verified motion to reinstate the case, asserting that there had been a miscommunication between Richardson's attorney and the attorney covering for Richardson's attorney while she was out on maternity leave, and that this miscommunication had caused Richardson's lack of appearance at the August 26, 2022 hearing. On October 31, 2022, the trial court held a hearing on Richardson's motion. The trial court denied Richardson's motion, and the case was not reinstated. Richardson appealed the trial court's denial on

December 13, 2022. In two issues, Richardson complains that the trial court erred in refusing to reinstate the case.[1] Appellees did not file a response.

## II. DISCUSSION

A trial court's denial of a motion to reinstate after a dismissal for want of prosecution is reviewed under an abuse of discretion standard. *Smith v. Babcock & Wilcox Constr. Co., Inc.*, 913 S.W.2d 467, 467 (Tex. 1995). When a case is dismissed for want of prosecution, the trial court should reinstate the case upon finding after a hearing that the failure of the party or his attorney to appear was not intentional or the result of conscious indifference, but was due to an accident or mistake or that the failure has been otherwise reasonably explained. *Id.*, 913 S.W.2d at 468; *see also* TEX. R. CIV. P. 165a(3).

A failure to appear is not intentional or due to conscious indifference within the meaning of Rule 165a(3) merely because it is deliberate; it must also be without adequate justification. *Id.* Proof of such justification such as accident, mistake, or other reasonable explanation negates the intent or conscious indifference for which reinstatement can be denied. *Id.* Moreover, conscious indifference means more than negligence. *Id.*

---

[1] Richardson's first issue deals with the trial court's focus on whether it had jurisdiction to reinstate the case. Our independent review of the record demonstrates no apparent jurisdictional issues that would prevent the trial court from granting the motion to reinstate. Therefore, we focus our analysis on whether Richardson provided sufficient evidence that his failure to appear was not intentional or the result of conscious indifference, but was due to an accident or mistake or that the failure has been otherwise reasonably explained. *See Smith v. Babcock & Wilcox Constr. Co., Inc.*, 913 S.W.2d 467, 468 (Tex. 1995).

When a verified motion to reinstate reasonably explains the failure to appear at a dismissal hearing and the record contains no controverting evidence that the failure was intentional or the result of conscious indifference, a trial court abuses its discretion by denying the motion. *Tunchez v. Houk*, No. 05-20-00330-CV, 2021 WL 5822839 at *4 (Tex. App.—Dallas, Dec. 8, 2021, no pet.) (mem. op.) (internal citations omitted). If the explanation in the verified motion is adequate to show mistake or accident, the movant need not present evidence supporting it at the oral reinstatement hearing. *Id.*; *Brooks-PHS Heirs, LLC v. Bowerman*, No. 05-18-00356-CV, 2019 WL 1219323, at *4 (Tex. App.—Dallas, Mar. 15, 2019, pet. denied) (op. on reh'g) (citing *Dir., State Emps. Workers' Comp. Div. v. Evans*, 889 S.W.2d 266, 268 (Tex. 1994)). Moreover, some excuse–not necessarily a good one–will suffice. *Milestone Operating, Inc. v. ExxonMobil Corp.*, 388 S.W.3d 306, 310 (Tex. 2012).

In the present case, Richardson filed a verified motion to reinstate. In that motion, Richardson explains that his counsel, Layla A. Benjamin, had been on maternity leave the week before and was due to be out of town at a conference the week of the hearing. Benjamin was under the mistaken impression that the attorney who had been covering her cases while she was out on maternity leave would be covering the dismissal hearing, but due to a miscommunication, that did not happen. Richardson provided a reasonable explanation in the verified motion that is not contradicted by the record. Therefore, the trial court abused its discretion by not granting the motion to reinstate. *See Smith*, 913 S.W.2d at 468.

–4–

## III. CONCLUSION

We reverse the trial court's judgment and remand the case for further proceedings consistent with this opinion.

221332f.p05

/Maricela Breedlove/
MARICELA BREEDLOVE
JUSTICE



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

MICHAEL RICHARDSON,
Appellant

No. 05-22-01332-CV     V.

MELISSA S. MEJIA, MARIA
CORTEZ, AND HECTOR MEJIA-
CERVANTES, Appellee

On Appeal from the County Court at
Law No. 1, Dallas County, Texas
Trial Court Cause No. CC-21-03920-
A.
Opinion delivered by Justice
Breedlove. Justices Partida-Kipness
and Reichek participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **REVERSED** and this cause is **REMANDED** to the trial court for further proceedings consistent with this opinion.

It is **ORDERED** that each party bear its own costs of this appeal.


Judgment entered this 15th day of December 2023.