COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS



| | | |
|---|---|---|
| DALMEX , LTD., | § | |
| Appellant, | § | No. 08-13-00182-CV |
| | § | Appeal from the |
| v. | § | 243rd District Court |
| APPAREL ENTERPRISES, INC. AND SALVADOR DEL RIO, | § | of El Paso County, Texas |
| Appellees. | § | (TC# 2011-2481) |
| | § | |

## **O P I N I O N**

We decide in this case whether the trial court abused its discretion in refusing to reinstate a case dismissed for want of prosecution when the plaintiff's attorney failed to appear at the dismissal hearing.   We conclude the trial court abused its discretion because the uncontroverted facts in the verified motion to reinstate established that the attorney's failure to appear was not intentional or the result of conscious indifference but was due to accident or mistake.

### BACKGROUND

On June 21, 2011, Appellant Dalmex, Ltd. filed suit against Apparel Enterprises, Inc. and Salvador Del Rio for breach of contract, breach of warranty, DTPA, and statutory theft, alleging that it had prepaid $56,000 to defendants for clothing and apparel, and defendants had failed to deliver the merchandise.   On April 2, 2013, the trial court issued a notice of intent to dismiss the

case for want of prosecution and set a dismissal hearing for April 18, 2013. The notice informed the parties that if they failed to appear at the dismissal hearing, "the case will be dismissed by the Court." Counsel for Dalmex failed to appear at the hearing on April 18, and that same day the trial court dismissed the case for want of prosecution. On May 17, 2013, Dalmex timely filed a properly verified motion to reinstate. In the motion, counsel for Dalmex established that he failed to attend the hearing because it was not placed on his calendar by mistake. In particular, counsel averred that although the notice had been delivered to his firm's offices, the hearing was not calendared because (i) the secretary who calendars his appointments was out of the office that day and did not see the notice because it was not delivered to her desk pursuant to standard office procedure, and (ii) at the same time, his law firm was transitioning to a new computer system and the attorney calendars were also being transitioned to new computer software, resulting in the hearing not being calendared in the confusion of the transition. Defendants did not file a response to Dalmex's motion to reinstate or otherwise controvert the facts contained therein. The trial court did not set the motion for hearing, and the motion was overruled by operation of law 75 days after dismissal. *See* TEX.R.CIV.P. 165a(3) (if for any reason the motion to reinstate is not decided by signed written order within 75 days, it is deemed overruled by operation of law).

## DISCUSSION

In a single issue, Dalmex contends the trial court abused its discretion in failing to reinstate its case because the uncontroverted evidence in its motion to reinstate demonstrated that its counsel's failure to appear at the dismissal hearing was not intentional or the result of conscious indifference but was due to accident or mistake.[1] We agree.

---

[1] Appellees declined to file a responsive brief in this appeal.

2

## Standard of Review

We review an order denying a motion to reinstate under an abuse of discretion standard. *Smith v. Babcock & Wilcox Constr. Co., Inc.*, 913 S.W.2d 467, 468 (Tex. 1995) (per curiam); *Enriquez v. Livingston*, 400 S.W.3d 610, 614 (Tex.App. – Austin 2013, pet. denied) (on rehearing). A trial court abuses its discretion when it acts "arbitrarily or unreasonably, without reference to guiding rules or principles." *Iliff v. Iliff*, 339 S.W.3d 74, 78 (Tex. 2011); *Enriquez*, 400 S.W.3d at 614. With regard to factual matters, an abuse of discretion occurs if the record establishes that the "trial court could reasonably have reached only one decision." *Walker v. Packer*, 827 S.W.2d 833, 840 (Tex. 1992) (orig. proceeding).

## Reinstatement under Rule 165a

When a case is dismissed for want of prosecution, "[t]he court shall reinstate the case upon finding after a hearing that the failure of the party or his attorney [to appear] was not intentional or the result of conscious indifference but was due to an accident or mistake or that the failure has been otherwise reasonably explained." *Smith,* 913 S.W.2d at 468 (quoting TEX.R.CIV.P. 165a(3)). The operative standard is essentially the same as that for setting aside a default judgment under *Craddock v. Sunshine Bus Lines, Inc.*, 134 Tex. 388, 133 S.W.2d 124 (1939). *Id.* A failure to appear is intentional or due to conscious indifference within the meaning of the rule only when done without adequate justification. *Id.* Proof of such justification – accident, mistake or other reasonable explanation – negates the intent or conscious indifference for which reinstatement can be denied. *Id.* (citing *Bank One, Texas, N.A. v. Moody*, 830 S.W.2d 81, 84 (Tex. 1992)). Conscious indifference means more than mere negligence. *Id.* (citing *Ivy v. Carrell*, 407 S.W.2d 212, 213 (Tex. 1966)).

A trial court abuses its discretion in denying reinstatement following a dismissal for want of prosecution when an attorney's explanation for a failure to appear is reasonable. *Kenley v. Quintana Petroleum Corp.*, 931 S.W.2d 318, 321 (Tex.App. – San Antonio 1996, writ denied) (citing *Smith,* 913 S.W.2d at 467-68). Some excuse, but not necessarily a good excuse, is enough to show lack of conscious indifference. *Whitworth v. Blumenthal*, 59 S.W.3d 393, 401 (Tex.App. – Dallas 2001, pet. dism'd by agr.). "An excuse need not be a good one to suffice." *Milestone Operating, Inc. v. ExxonMobil Corp.*, 388 S.W.3d 307, 310 (Tex. 2012) (per curiam) (quoting *Fidelity & Guar. Ins. Co. v. Drewery Constr. Co., Inc.*, 186 S.W.3d 571, 576 (Tex. 2006)). For example, in *Milestone*, the uncontroverted testimony of the company's registered agent that he simply did not recall being served with the lawsuit or turning over any lawsuit papers to company's legal counsel demonstrated that the failure to answer was due to accident or mistake and not conscious indifference. *Id*.

### Analysis

Dalmex's attorney reasonably explained his failure to appear at the dismissal hearing by presenting uncontroverted evidence that the hearing was not placed on his calendar by mistake. Mistakes in internal office procedures and other circumstances that result in an event not being properly calendared demonstrate that the failure to appear was not intentional but due to accident or mistake. *See, e.g., Director, State Employees Workers' Comp. Div. v. Evans*, 889 S.W.2d 266, 269 (Tex. 1994) (attorney's predecessor misdated the trial date on his calendar and conveyed the wrong information to the current attorney when she replaced him, causing the current attorney to believe the case was set for a later date; thus the current attorney's failure to appear for trial was not intentional, but was due to accident or mistake). Further, because defendants did not

controvert the sworn facts presented in Dalmex's motion to reinstate, we look only to those facts to determine if the trial court abused its discretion. *See id.* at 268 (citing *Strackbein v. Prewitt*, 671 S.W.2d 37, 38-39 (Tex. 1984)). When factual allegations in the movant's affidavit are not controverted, the trial court must grant the motion if the facts alleged negate intentional or consciously indifferent conduct. *Id*. at 269. Rule 165a mandates that the trial court "shall reinstate the case" when the failure of the party or his attorney to attend was not intentional or the result of conscious indifference but was due to accident or mistake. TEX.R.CIV.P. 165a(3). Because the uncontroverted, sworn facts in Dalmex's motion to reinstate constituted adequate justification for counsel's failure to appear at the dismissal hearing, Rule 165a bound the trial court to reach only one decision to reinstate the case. Thus, the trial court abused its discretion in allowing Dalmex's motion to reinstate to be overruled by operation of law.

## CONCLUSION

The trial court abused its discretion in failing to reinstate Dalmex's case because the uncontroverted evidence in Dalmex's motion to reinstate demonstrated that its counsel's failure to appear at the dismissal hearing was not intentional or the result of conscious indifference but was due to accident or mistake. Because the trial court abused its discretion, we sustain Dalmex's issue and reverse and remand the case to be reinstated on the trial docket.


STEVEN L. HUGHES, Justice

January 7, 2015

Before McClure, C.J., Rodriguez, and Hughes, JJ.

5