**Opinion issued June 15, 2023**



**In The**

# Court of Appeals

**For The**

# First District of Texas

_____

## NO. 01-22-00207-CV

_____

**THE BURLINGTON INSURANCE COMPANY, Appellant**

**V.**

**JUST INDUSTRIAL SERVICES, LLC AND ALEX GRIGSBY, Appellees**

---

**On Appeal from the 215th District Court**
**Harris County, Texas**
**Trial Court Case No. 2018-82446**

---

## MEMORANDUM OPINION

Appellant the Burlington Insurance Company ("Burlington") issued an insurance policy to appellee Just Industrial Services, LLC ("Just Industrial"). After Just Industrial allegedly failed to pay all premiums due under the policy, Burlington

filed suit and asserted claims for suit on a sworn account, breach of contract, and quantum meruit. During the pendency of the suit, Burlington missed a virtual docket call, and the trial court dismissed Burlington's claims for want of prosecution. Burlington filed a verified motion to reinstate the case and a verified motion for reconsideration, but the trial court denied the motions.

In its sole issue on appeal, Burlington argues that it missed the docket call due to a calendaring mistake, and therefore its failure to appear was due to an accident or mistake and was not intentional or the result of conscious indifference. Burlington contends that the trial court erred by failing to reinstate the case. We reverse and remand.

## Background

In November 2018, Burlington filed suit against Just Industrial and Alex Grigsby, one of Just Industrial's directors or officers. Burlington alleged that it had issued an insurance policy to Just Industrial. It further alleged that it had provided coverage under the policy, but Just Industrial had failed to pay the balance of all premiums due under the policy. Burlington asserted claims for suit on a sworn account, breach of contract, and quantum meruit. Burlington also asserted claims against Grigsby because Just Industrial had allegedly forfeited its corporate charter during the policy period, making Grigsby personally liable for debts incurred during the forfeiture.

After the initial trial setting was reset several times throughout 2020, the trial court granted a motion for continuance and set the case for trial on January 3, 2022. In October 2021, with the trial date less than three months away, Just Industrial and Grigsby moved to substitute counsel. The trial court granted this motion and allowed the substitution of new counsel. Around this same time, the trial court sent a "trial reminder" to counsel of record. This reminder stated that the case was set for trial for the two-week period beginning on January 3, 2022. It further stated: "DOCKET CALL DECEMBER 13th 2021[.] Parties are to appear at 9 AM SHARP for Docket call; Late arrivals will subject your matter to be dismissed."

Just Industrial and Grigsby's new counsel moved for a continuance and requested that they be allowed to conduct limited discovery for documents that "are necessary to aid in settlement, including mediation." The trial court denied this motion. According to Burlington, the parties were scheduled to attend mediation in late December 2021.

On December 10, 2021, the trial court's coordinator sent an email to numerous attorneys, including counsel for Burlington and Just Industrial. The subject line of this email stated, "Docket Call 12/13/2021." The body of the email reminded attorneys that a virtual docket call was scheduled for December 13, 2021. The court coordinator would call the cases twice: once at 8:30 a.m. and once at 9:00 a.m. "Any

3

late arrival on Zoom after 9:30 am will not attend." The email also included the link to attend the docket call via the Zoom videoconferencing platform.

It is undisputed that Burlington did not attend the virtual docket call on December 13, 2021. Although counsel for both parties represent that the trial court dismissed the case on that date, no signed order dismissing the case and dated December 13, 2021, appears in the appellate record.

On January 7, 2022, Burlington filed a verified motion to reinstate. Burlington addressed the progress of the case thus far, including its service of discovery requests in January 2019, its attempts to schedule mediation throughout 2019, its filing of a summary judgment motion in October 2020, and Just Industrial's retention of new counsel in October 2021. Burlington then explained that a mediation had been scheduled for December 30, 2021, but Just Industrial and Grigsby cancelled the mediation "on the grounds that the case had apparently been dismissed." Burlington then stated that it did not attend "the pre-trial conference on December 14, 2021" due to a "clerical error." Specifically, counsel had "local counsel coverage set to attend the December 14, 2021 Pre-Trial conference" along with two summary judgment hearings in other Harris County district and county courts. However, when both summary judgment hearings were rescheduled, "clerical staff inadvertently removed this pre-trial conference from the calendar as well and did not have any local counsel set to appear." Burlington requested that the trial court reinstate the

4

case because Burlington's failure to attend the pre-trial conference was inadvertent and it had been diligently prosecuting the case.[1]

In response, Just Industrial and Grigsby argued that Burlington did not meet its burden to show that its failure to appear was not intentional or the result of conscious indifference. They argued that the facts in Burlington's motion relating to a pre-trial conference on December 14, 2021, were irrelevant because the virtual docket call was scheduled for December 13, 2021, and the motion to reinstate did not address the December 13 docket call at all. They argued that because the motion to reinstate did not provide any explanation for Burlington's failure to appear at the December 13, 2021 docket call, the court should deny the motion to reinstate.

The trial court denied Burlington's motion to reinstate on January 31, 2022.

One month later, on March 1, 2022, Burlington filed a "Verified Motion for Reconsideration." This motion was largely identical to Burlington's verified motion to reinstate. Burlington stated that the trial court had denied the motion to reinstate, and it requested that the trial court reconsider that decision.

---

[1] Burlington attached an affidavit from counsel's legal assistant to its verified motion to reinstate. This affidavit described the scheduling of the pre-trial conference and the clerical error that led to the conference being removed from counsel's calendar. Just Industrial and Grigsby objected to this affidavit on multiple grounds, and the trial court sustained the objections and struck the affidavit. On appeal, Burlington does not argue that the trial court erred in sustaining the objections to the affidavit. We therefore do not consider this affidavit in our analysis.

On March 2, 2022, the trial court signed a written order dismissing the case for want of prosecution. The order stated as the reason for dismissal: "Failure to appear at court ordered docket-call[.] On <u>December 13, 2021</u> @ 9 am." This is the only dismissal order that appears in the appellate record.

The trial court held a hearing on Burlington's motion for reconsideration on March 10, 2022. At the close of the hearing, the trial court denied the motion to reconsider. This appeal followed.

## Denial of Motion to Reinstate

In its sole issue, Burlington argues that the trial court erred by denying its motion to reinstate the case because its failure to appear at the virtual docket call was due to an accident or mistake and was not intentional or the result of conscious indifference.

### A. Standard of Review and Governing Law

The trial court's authority to dismiss a case for want of prosecution stems from two sources: Texas Rule of Civil Procedure 165a and the court's inherent power. *Villarreal v. San Antonio Truck & Equip.*, 994 S.W.2d 628, 630 (Tex. 1999). Under Rule 165a(1), the trial court may dismiss a case for want of prosecution "on failure of any party seeking affirmative relief to appear for any hearing or trial of which the party had notice." TEX. R. CIV. P. 165a(1). If a party's case is dismissed for want of prosecution, the party may move to reinstate the case. *Gillis v. Harris Cnty.*, 554

6

S.W.3d 188, 191 (Tex. App.—Houston [14th Dist.] 2018, no pet.). "A motion to reinstate shall set forth the grounds therefor and be verified by the movant or his attorney." Tex. R. Civ. P. 165a(3). The trial court "shall reinstate the case upon finding after a hearing that the failure of the party or his attorney was not intentional or the result of conscious indifference but was due to an accident or mistake or that the failure has been otherwise reasonably explained." *Id.*

The standard for reinstating a case following dismissal for want of prosecution is essentially the same as the standard for setting aside a default judgment. *Smith v. Babcock & Wilcox Constr. Co.*, 913 S.W.2d 467, 468 (Tex. 1995) (per curiam); *Mansaray v. Phillips*, 626 S.W.3d 402, 405 (Tex. App.—Dallas 2021, no pet.). A failure to appear is not intentional or due to conscious indifference "merely because it is deliberate"; instead, it must also be without adequate justification. *Smith*, 913 S.W.2d at 468; *Mansaray*, 626 S.W.3d at 405. The party seeking reinstatement bears the burden and must provide some proof of an adequate justification that negates intent or conscious indifference. *Gillis*, 554 S.W.3d at 194.

"Proof of such justification—accident, mistake or other reasonable explanation—negates the intent or conscious indifference for which reinstatement can be denied." *Smith*, 913 S.W.2d at 468. Conscious indifference "means more than mere negligence." *Id.*; *Mansaray*, 626 S.W.3d at 405. "Some excuse, but not necessarily a good excuse, is enough to show lack of conscious indifference."

7

*Dalmex, Ltd. v. Apparel Enters., Inc.*, 455 S.W.3d 241, 244 (Tex. App.—El Paso 2015, no pet.); *Rasco v. Ducars Inv., LLC*, No. 02-21-00375-CV, 2022 WL 4373499, at *4 (Tex. App.—Fort Worth Sept. 22, 2022, no pet.) (mem. op.) ("[P]roof of a mistake—even an unreasonable one—is sufficient to negate intent or conscious indifference.").

We review the trial court's denial of a motion to reinstate for an abuse of discretion. *Mansaray*, 626 S.W.3d at 405. A trial court abuses its discretion when it acts arbitrarily or without reference to guiding rules and principles. *Gillis*, 554 S.W.3d at 194. "A trial court abuses its discretion in denying a motion for reinstatement when an attorney's explanation for the failure to appear is reasonable." *Mack v. Ret. Hous. Found.*, 627 S.W.3d 391, 394 (Tex. App.—Houston [14th Dist.] 2021, no pet.).

**B.    *Whether Burlington Demonstrated that its Failure to Appear Was an Accident or Mistake***

It is undisputed that the trial court held a virtual docket call on December 13, 2021, and the court sent at least two notices to the parties concerning this docket call. The first notice, a "trial reminder" sent by mail on October 26, 2021, notified counsel that the case was set for trial for the two-week period beginning January 3, 2022, and that docket call would occur at "9 AM SHARP" on December 13, 2021. This reminder then stated: "Late arrivals will subject your matter to be dismissed."

8

The second notice was sent by the trial court coordinator via email on December 10, 2021, three days before the docket call. The email was entitled "Docket Call 12/13/2021" and reminded attorneys for several cases—including the attorneys for Burlington and Just Industrial in this case—that docket call would be held on Zoom beginning at 8:30 a.m. on December 13, 2021. The email included the link for the Zoom meeting and stated: "Any late arrival on Zoom after 9:30 am will not attend." Burlington's counsel confirmed that an email address listed among the recipients of the email was his correct email address.

It is also undisputed that Burlington did not attend the virtual docket call. According to Burlington, counsel for Just Industrial cancelled a mediation scheduled for December 30, 2021, and notified Burlington that the trial court had dismissed the case. Although the trial court had not yet signed a written order dismissing the case, Burlington filed a verified motion to reinstate on January 7, 2022. In this motion, counsel described actions that he had taken in the case on Burlington's behalf throughout 2019 and 2020. Burlington then stated:

11. In October of 2021, Defendants sought to retain new counsel.

12. Following Defendants retaining new counsel, Plaintiff's counsel discussed the case with Defendants' new counsel and shared information about the underlying lawsuit.

13. Mediation was set for December 21, 2021 and was rescheduled to December 30, 2021, at the request of Defendants' counsel. Plaintiff did not object to this December 30, 2021 date in an effort to accommodate Defendants.

9

14. On December 28, 2021, Defendants unilaterally canceled mediation on the grounds that the case had apparently been dismissed. This was the first Plaintiff learned the case had been dismissed.

15. Trial was set on the two week docket beginning January 3, 2022.

16. Due to a clerical error, Plaintiff did not attend the pre-trial conference on December 14, 2021.

17. Plaintiff's counsel had local counsel coverage set to attend the December 14, 2021 Pre-Trial conference along with a motion for summary judgment in Harris County Court at Law #3, and a motion for summary judgment in Harris County 164th District Court.

18. When the motions for summary judgments in County Court at Law #3 and the 164th District Court were rescheduled, Plaintiff's counsel's clerical staff inadvertently removed this pre-trial conference from the calendar as well and did not have any local counsel set to appear.

19. The Plaintiff was ready for mediation on December 30th and trial on the two week docket beginning January 3, 2022.

Burlington requested that the court reinstate the case because Burlington had been "actively litigating the lawsuit," and its failure to attend the pre-trial conference was inadvertent.

The trial court denied Burlington's verified motion to reinstate. Burlington then filed a verified motion for reconsideration. This motion was largely identical to Burlington's verified motion to reinstate, but in this motion, Burlington did not provide details concerning the alleged clerical error concerning calendaring of the docket call. Instead, it stated only that "[d]ue to a clerical error, Plaintiff did not attend a pre-trial conference for this case." Burlington again stated that it had been ready for mediation on December 30, 2021, and trial on January 3, 2022, and that it

had diligently litigated the case. Burlington did not attach any evidence to its motion for reconsideration.

After Burlington filed its motion for reconsideration, the trial court signed a written order dismissing the case for want of prosecution due to Burlington's failure to attend the December 13, 2021 virtual docket call. The trial court then held a hearing on the motion for reconsideration. No witnesses testified at this hearing, and the trial court did not admit any evidence. The trial court denied Burlington's verified motion for reconsideration.

This Court has held that a calendaring error is a sufficient "accident or mistake" under Rule 165a(3) to negate acting with intent or conscious indifference. *See E&M Plumbing Ltd. v. W. Houston Winnelson Co.*, No. 01-17-00601-CV, 2018 WL 3542916, at *3 (Tex. App.—Houston [1st Dist.] July 24, 2018, no pet.) (mem. op.); *see also Renfro v. Davis*, No. 01-21-00540-CV, 2022 WL 3031605, at *3–4 (Tex. App.—Houston [1st Dist.] Aug. 2, 2022, no pet.) (mem. op.) (concluding that counsel's explanation for failing to appear at case management conference and for failing to submit scheduling order as required by trial court letter was "reasonable" when counsel was unaware of requirements because, due to disruption caused by COVID-19 pandemic, "clerical and calendaring errors" caused counsel not to receive court's letter); *Dalmex*, 455 S.W.3d at 244 ("Mistakes in internal office procedures and other circumstances that result in an event not being properly

11

calendared demonstrate that the failure to appear was not intentional but due to accident or mistake.").

In *E&M Plumbing*, the trial court notified the plaintiff of its intent to dismiss the lawsuit for want of prosecution by March 24, 2017. 2018 WL 3542916 at *1, 3. The plaintiff's counsel received that notice. *Id.* at *3. However, counsel "inadvertently failed to record the March 24 deadline in his calendar, so the deadline passed without [the plaintiff] filing a motion to retain." *Id.* Although the trial court dismissed the case for want of prosecution on May 2, 2017, plaintiff's counsel did not receive notice of the dismissal order until June 22. *Id.* at *1, 3. Counsel then filed a verified motion to reinstate the next day and explained the calendaring error. *Id.*

In reviewing the trial court's order denying the plaintiff's motion to reinstate, we stated that counsel's explanation in his verification "sufficiently establishes 'accident or mistake' under Rule 165a(3)," and "negates the intent or conscious indifference for which reinstatement can be denied." *Id.* at *3 (quoting *Smith*, 913 S.W.2d at 468). We held that because the plaintiff's verified motion "met the requirements for reinstatement," the trial court abused its discretion in denying the motion. *Id.* at *4.

Here, Burlington explained in its verified motion to reinstate that it made a calendaring error with respect to the pre-trial conference. Counsel had "local counsel" set to attend the pre-trial conference along with summary judgment

12

hearings in two other cases on December 14, 2021. When the summary judgment hearings were cancelled and rescheduled, clerical staff inadvertently removed the pretrial conference scheduled in this case from the calendar as well, and local counsel did not appear for the conference. We conclude that Burlington presented proof of a calendaring error that sufficiently establishes that its failure to attend the virtual docket call was an accident or mistake and was not intentional or the result of conscious indifference. *See Smith*, 913 S.W.2d at 468; *E&M Plumbing*, 2018 WL 3542916 at *3.

Just Industrial and Grigsby argue that Burlington did not provide a sufficient justification in its motion to reinstate or motion for reconsideration because both motions focused on Burlington's failure to attend a pretrial conference scheduled for *December 14*, but Burlington did not explain its failure to attend the virtual docket call on *December 13*.

However, at the time Burlington filed its verified motion to reinstate on January 7, 2022, and its verified motion for reconsideration on March 1, 2022, the trial court had not yet signed a written order of dismissal. Therefore, Burlington did not have the benefit of a written order that identified Burlington's failure to attend a docket call on December 13 as the reason for dismissal.[2] We disagree with Just

---

[2] We note that if the trial court signed a written order dismissing the case immediately after the virtual docket call on December 13, such an order does not appear in the appellate record. Instead, the only dismissal order that appears in the record was

13

Industrial and Grigsby that Burlington's failure to explain its non-attendance at the docket call on December 13 is fatal to its attempts to reinstate the case.

To the extent Just Industrial and Grigsby also argue that Burlington was required to submit an affidavit or witness testimony to meet its burden to establish that the trial court should reinstate the case, we disagree. In determining that a party seeking reinstatement has met its burden, appellate courts have looked solely to the facts presented in a verified motion to reinstate and have not required additional evidence. *See, e.g.*, *E&M Plumbing*, 2018 WL 3542916 at *3 (concluding that counsel's explanation "in his verification that he inadvertently failed to record the March 24 [case disposition] deadline in his calendar" was sufficient to establish accident or mistake); *Renfro*, 2022 WL 3031605, at *3–4 (concluding that counsel's uncontradicted explanation set out in verified motion to reinstate provided sufficient and reasonable explanation for plaintiff's failure to appear); *Tunchez v. Houk*, No. 05-20-00330-CV, 2021 WL 5822839, at *4 (Tex. App.—Dallas Dec. 8, 2021, no pet.) (mem. op.) ("If the explanation in the verified motion is adequate to show mistake or accident, the movant need not present evidence supporting it at the oral reinstatement hearing.").

---

signed by the trial court on March 2, 2022, nearly three months after the docket call. Although this order identified the reason for dismissal as Burlington's failure to attend a court-ordered docket call on *December 13*, 2021, it was signed *after* Burlington filed its verified motion to reinstate and its verified motion for reconsideration.

Moreover, we disagree with Just Industrial and Grigsby that Burlington's verified motion was conclusory and did not provide a sufficient justification for Burlington's failure to attend the docket call. In making this argument, Just Industrial and Grigsby contend that this case is "widely distinguishable" from our opinion in *E&M Plumbing*. In that case, the plaintiff's counsel stated in his verified motion to reinstate that "he inadvertently failed to record the March 24 [case disposition] deadline in his calendar, so the deadline passed without [the plaintiff] filing a motion to retain." 2018 WL 3542916, at *3. We concluded that this explanation was sufficient to establish that counsel's failure to take action was an accident or mistake and was not intentional or the result of conscious indifference.[3] *Id.*

---

[3]     On appeal, Just Industrial and Grigsby attempt to distinguish *E&M Plumbing* by arguing that the plaintiff "offered direct evidence, via its counsel's verification, that it never received notice of the deadline," but in this case it was undisputed that Burlington's counsel "received both the Trial Reminder and Docket Call Reminder." In *E&M Plumbing*, however, it was undisputed that the trial court notified the plaintiff of its intent to dismiss the case for want of prosecution by March 24, 2017, *and* that plaintiff's counsel received this notice, but he failed to record this deadline in his calendar. *E&M Plumbing Ltd. v. W. Houston Winnelson Co.*, No. 01-17-00601-CV, 2018 WL 3542916, at *1, 3 (Tex. App.—Houston [1st Dist.] July 24, 2018, no pet.) (mem. op.). The notice that plaintiff's counsel did not receive was the notice that the trial court had signed an order dismissing the case on May 2, 2017. *Id.* at *1, 3. Counsel did not learn that the case had been dismissed until June 22, 2017, beyond the thirty-day deadline to file a motion to reinstate. *Id.* Counsel then immediately filed a verified motion to reinstate. *Id.* Counsel's non-receipt of the dismissal order was relevant to whether counsel timely filed a motion to reinstate upon learning of the dismissal. There was not a question of whether counsel received notice that the trial court intended to dismiss the case because counsel undisputedly received that notice.

Here, Burlington stated in its verified motion to reinstate that "[d]ue to a clerical error, Plaintiff did not attend the pre-trial conference on December 14, 2021." Counsel then explained the clerical error, stating that Burlington "had local counsel coverage set to attend the December 14, 2021 Pre-Trial Conference" along with two summary judgment hearings in other Harris County courts. When the summary judgment hearings were rescheduled, "counsel's clerical staff inadvertently removed this pre-trial conference from the calendar as well and did not have any local counsel set to appear." This explanation is not conclusory and is at least as detailed as the explanation in *E&M Plumbing*, which we held sufficiently established accident or mistake.[4] *See id.*

We conclude that Burlington's verified motion to reinstate sufficiently established that Burlington's failure to appear at the docket call was an accident or mistake and was not intentional or the result of conscious indifference. *See* TEX. R.

---

[4] Just Industrial and Grigsby also rely on the Fourteenth Court of Appeals' decision in *Henderson v. Blalock*, 465 S.W.3d 318 (Tex. App.—Houston [14th Dist.] 2015, no pet.), to support their argument that Burlington did not provide an adequate justification for its failure to appear at the docket call. In *Henderson*, the plaintiff filed a verified motion to reinstate after dismissal of the case, but the sole explanation for counsel's failure to appear for trial was that "Plaintiff's Attorney overlooked the trial setting." *Id.* at 320. In holding that this explanation was not sufficient to support reinstatement of the case, the court noted that counsel "provided no evidence elaborating as to *why* counsel overlooked the trial setting or other contextual information, such as counsel's business practices relating to court scheduling or circumstances on the day of trial." *Id.* at 323. Here, however, Burlington's counsel *did* provide contextual information relating to counsel's failure to appear for the pretrial hearing. We conclude that *Henderson* is distinguishable from this case.

CIV. P. 165a(3); *Smith*, 913 S.W.2d at 468; *Dalmex*, 455 S.W.3d at 244 ("Some excuse, but not necessarily a good excuse, is enough to show lack of conscious indifference."). We hold that the trial court abused its discretion by denying Burlington's motion to reinstate and motion for reconsideration. *See Mack*, 627 S.W.3d at 394 ("A trial court abuses its discretion in denying a motion for reinstatement when an attorney's explanation for the failure to appear is reasonable.").

We sustain Burlington's sole issue.

### Conclusion

We reverse the judgment of the trial court and remand for further proceedings.


April L. Farris
Justice

Panel consists of Justices Hightower, Rivas-Molloy, and Farris.