**Reversed and Remanded and Memorandum Opinion filed February 6, 2024**



In The

# Fourteenth Court of Appeals

---

## NO. 14-23-00429-CV

---

## GROVE AT SEABROOK, LLC ASSIGNEE OF ORP INVESTMENTS, INC., Appellant

## V.

## CMH LA MAISON, LLC, Appellee

---

**On Appeal from the 295th District Court
Harris County, Texas
Trial Court Cause No. 2020-64336**

---

## MEMORANDUM OPINION

Appellant Grove at Seabrook, LLC Assignee of ORP Investments, Inc. (Grove) appeals the trial court's judgment rendered in favor of appellee CMH La Maison, LLC (CMH). In two issues, Grove argues that the trial court erred in rendering judgment in favor of CMH on all of Grove's claims because Grove failed to appear at trial. We reverse and remand.

**FINAL JUDGMENT ON THE MERITS**

In its first issue, Grove argues that the trial court erred in rendering a final judgment for Grove's failure to appear at trial and prosecute its case. CMH argues that because Grove had sufficient notice of the trial setting, the trial court was permitted to render a take-nothing judgment. We agree with Grove.

"It is a well-established rule that when a plaintiff fails to appear and prosecute his case, the court can not try the plaintiff's cause of action, but the only remedy is to dismiss the same." *Smock v. Fischel*, 207 S.W.2d 891, 892 (Tex. 1948); *see also Freeman v. Freeman*, 327 S.W.2d 428, 431 (Tex. 1959), *disapproved of on other grounds by Mapco, Inc v. Forrest*, 795 S.W.2d 700 (Tex. 1990) ("The law of this state does not authorize a defendant to take a default judgment which adjudicates against the plaintiff the merits of his suit.").

The trial court called the case for trial. Grove, the plaintiff in the trial court, failed to appear. CMH appeared and announced ready. The trial court rendered judgment for CMH noting Grove's failure to appear and "enter[ed] judgment in favor of [CMH]" and that Grove "take nothing against [CMH]." The judgment included a Mother Hubbard clause disposing of all matters and claims making it final and appealable.

Because the trial court was not permitted to render a judgment on the merits based on Grove's failure to appear, we sustain Grove's first issue. *See Smock*, 207 S.W.2d at 892; *Freeman*, 327 S.W.2d at 431; *Leeper v. Haynsworth*, 179 S.W.3d 742, 745 (Tex. App.—El Paso 2005, no pet.); *State v. Herrera*, 25 S.W.3d 326, 327–28 (Tex. App.—Austin 2000, no pet.).

In Grove's second issue, it argues that the trial court should have granted its motion to reinstate because Grove's absence at trial was due to "accident or mistake." *See* Tex. R. Civ. P. 165a(3).

## A.      General Legal Principles

We review a trial court's denial of a motion to reinstate for abuse of discretion. *See Smith v. Babcock & Wilcox Const. Co.*, 913 S.W.2d 467, 468 (Tex. 1995) (per curiam). A trial court abuses its discretion if it acts without reference to any guiding rules or principles—that is, if its act is arbitrary or unreasonable. *Low v. Henry*, 221 S.W.3d 609, 614 (Tex. 2007).

Under Rule 165a(3), the "court *shall* reinstate the case upon finding after a hearing that the failure of the party or his attorney was not intentional or the result of conscious indifference but was due to an accident or mistake or that the failure has been otherwise reasonably explained." Tex. R. Civ. P. 165a(3) (emphasis added). "When a party gives a reasonable explanation for failing to appear, the court must reinstate the case." *Roman v. Halverson*, 587 S.W.3d 509, 513 (Tex. App.—El Paso 2019, pet. denied). Some excuse, but not necessarily a good excuse, is enough to show a lack of conscious indifference in failing to appear. *Id.*

This standard is "essentially the same as that for setting aside a default judgment." *Babcock & Wilcox Const. Co.*, 913 S.W.2d at 468; *see also Dalex, Ltd. v. Apparel Enters., Inc.*, 455 S.W.3d 241, 243 (Tex. App.—El Paso 2015, no pet.) ("The operative standard is essentially the same as that for setting aside a default judgment under [*Craddock*]."). "If the factual assertions in the defendant's affidavit are not controverted, the defendant satisfies her burden if the affidavit sets forth facts

3

that, if true, negate intent or conscious indifference." *See Old Republic Ins. Co.*, 873 S.W.2d at 382.

## B. Background

Two days after the trial court rendered a final take-nothing judgment, Grove filed a verified motion to reinstate. In the affidavit attached to the motion to reinstate counsel averred that he traveled to Houston for the trial setting and became very ill. Trial counsel thought that the illness would pass and he would be able to continue with the trial setting as planned and as scheduled. Trial counsel then attested that he went to an urgent care facility to receive treatment and medication which he thought would address his illness and he would be able to appear without issue at the trial setting two days later. However, the trial court moved up the trial date. Trial counsel attested he was too ill to appear when the trial court asked for announcements. Trial counsel discussed his illness and his inability to appear with both the trial court's coordinator and opposing counsel. Counsel attested that he was physically unable to appear at the setting, but upon hearing that the case had been dismissed, came to the courthouse "with the assistance of a family member." After leaving, counsel again went to the urgent care and was diagnosed with "Acute bronchitis" and "Infectious gastroenteritis and colitis." The diagnosis is supported by an attachment of medical records to counsel's affidavit.

In a supplemental motion to reinstate, counsel further averred that he has never before failed to appear in court due to illness, that he was solely responsible for the trial in this matter, and that his wife assisted him in driving to urgent care because he was unable. He further testified that he thought that the medicine he received from his first visit to urgent care would allow him to appear at trial.

4

## C.     Analysis

CMH did not controvert any factual statements regarding counsel's illness. CMH questioned why counsel did not have a receipt from his first urgent care visit and why another attorney from counsel's office was not sent to appear instead. However, Grove attested and provided medical records to show that he was ill on the day of the docket call, substantiating counsel's testimony that he had fallen ill prior to docket call.  Grove's counsel further testified that he mistakenly thought he would be better in time for trial and that he was solely responsible for trying the case. CMH argues that Grove has to satisfy the remaining *Craddock* elements—however, this is not required under Rule 165a(3). *See* Tex. R. Civ. P. 165a(3).  To be entitled to reinstatement under Rule 165a(3), Grove need only meet the requirements of Rule 165a(3), which is consistent with only the first element of *Craddock*.  *See Dalex, Ltd.*, 455 S.W.3d at 243.

Because Grove's factual assertions are not controverted, Grove satisfied its burden because the facts set forth, taken as true, negate intent or conscious indifference.  *See Old Republic Ins. Co.*, 873 S.W.2d at 382.  The trial court abused its discretion in failing to reinstate the case.  We sustain Grove's second issue.

## CONCLUSION

The trial court abused its discretion in granting a take nothing judgment against Grove for its failure to appear.  The trial court further abused its discretion in failing to reinstate the case because the uncontroverted evidence in Grove's motion to reinstate demonstrated that its counsel's failure to appear at the dismissal hearing was not intentional or the result of conscious indifference but was due to accident or mistake.  Because the trial court abused its discretion, we sustain Grove's issue, reverse the judgment and remand the case to be reinstated on the trial docket.

5

/s/    Ken Wise
Justice


Panel consists of Chief Justice Christopher and Justices Wise and Jewell.