ACCEPTED
15-25-00164-CV
FIFTEENTH COURT OF APPEALS
AUSTIN, TEXAS
12/1/2025 12:00 AM
CHRISTOPHER A. PRINE
CLERK

FILED IN
15th COURT OF APPEALS
AUSTIN, TEXAS
12/1/2025 12:00:00 AM
CHRISTOPHER A. PRINE
Clerk

No. 15-25-00164-CV

IN THE

FIFTHTEENTH COURT OF APPEALS

at Austin, Texas

-----------

INTERRA CREDIT UNION,

Appellant,

V.

ENRIQUE FIGUEROA LABOY,

Appellee.

-----------

Appeal from the 395th District Court of Williamson County
Cause No. 24-0473-C395

## APPELLANT'S BRIEF

Samuel E. Sprowles
Texas Bar No. 24041963
7001 Westwind Drive, Ste. V-6
El Paso, Texas 79912
Tel. (915) 532-0222
sprowles.lawoffice@gmail.com

ATTORNEY FOR APPELLANT,
INTERRA CREDIT UNION

ORAL ARGUMENT REQUESTED

No. 15-25-00164-CV

INTERRA CREDIT UNION,

Appellant,

V.

ENRIQUE FIGUEROA LABOY,

Appellee.

IDENTITY OF PARTIES & COUNSEL

INTERRA CREDIT UNION
Appellant

Appellate and Trial Counsel:

Samuel E. Sprowles
Texas Bar No. 24041963
7001 Westwind Drive, Ste. V-6
El Paso, Texas 79912
Tel. (915) 532-0222
sprowles.lawoffice@gmail.com

ENRIQUE FIGUEROA LABOY
Appellee

Appellate and Trial Counsel:

Zachary B. Lemelin
Texas Bar No. 24135565
4500 Mercantile Plaza Dr., Ste. 300
Fort Worth, Texas 76137
Tel. (833) 663-3289
Fax: (855) 855-9830
Zack@cimentlawfirm.com

and

Daniel J. Ciment
Texas Bar No. 24042581
221 Bella Katy Dr.
Katy, TX 77494
Tel. (833) 663-3289
Fax: (855) 855-9830
Daniel@cimentlawfirm.com

i

## TABLE OF CONTENTS

IDENTITY OF PARTIES & COUNSEL ........................................................ i

INDEX OF AUTHORITIES ................................................................... iii

STATEMENT OF THE CASE ................................................................. v

STATEMENT OF FACTS ..................................................................... vi

ISSUES PRESENTED FOR REVIEW ......................................................... vii

SUMMARY OF THE ARGUMENT ............................................................ 1

ARGUMENT .................................................................................. 3

Issue 1:  Did the trial court abuse its discretion in not setting
[Appellant's] Unopposed Verified Motion to Reinstate Case
for a hearing?  ...................................................................... 3

Issue 2:  Did the trial court err in denying [Appellant's] Unopposed
Verified Motion to Reinstate Case by operation of law? ................. 7

PRAYER ..................................................................................... 12

CERTIFICATE OF COMPLIANCE .......................................................... 13

CERTIFICATE OF SERVICE ................................................................ 13

APPENDIX ................................................................................... 14

Order of Dismissal for Want of Prosecution ......................................... TAB 1

Relevant portions of the Texas Rule of Civil Procedure
cited in Appellant's Brief ................................................................ TAB 2

# INDEX OF AUTHORITIES

## <u>CASES</u>

*Alexander v. Lynda's Boutique*,
134 S.W.3d 845 (Tex. 2004)................................................................... 4

*Andrews v. Stanton*, 198 S.W.3d 4
(Tex. App. – El Paso 2006, no pet.)...................................................... 9

*Smith v. Babcock & Wilcox Constr. Co.*,
913 S.W.2d 467 (Tex. 1995)................................................................. 8

*Calaway v. Gardner*, 525 S.W.2d 262
(Tex. Civ.App. – Houston [14th Dist.] 1975, no writ) ........................ 6

*Dalmex, Ltd. v. Apparel Enters., Inc.*, 455 S.W.3d 241
(Tex. App.—El Paso 2015, no pet.)........................................ 8,9,10,11

*Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238
(Tex. 1985)............................................................................................ 8

*Enriquez v. Livingston,* 400 S.W.3d 610
(Tex.App.—Austin 2013, pet. denied) ................................................. 8

*Parker v. Cain,* 550 S.W.3d 119
(Tex.App.—Amarillo 2016, no pet.) ..................................................... 6

*Smith v. Babcock & Wilco Constr. Co., Inc.*
913 S.W.2d 467 (Tex. 1995) (per curiam).................................... 5,6,10

*Thordson v. City of Houston*,
815 S.W.2d 550 (Tex. 1991)................................................................. 5

*Walker v. Packer,*
827 S.W.2d 833 (Tex. 1992)............................................................ 8,11

*Whitworth v. Blumenthal*, 59 S.W.3d 393
(Tex.App. – Dallas 2001, pet. dism'd by agr.) ..................................... 9

## RULES

Tex. R. Civ. P. 165a ............................................................. 4,5,6,7,8,9,10,11

## OTHER AUTHORITIES

*Black's Law Dictionary* 1556 (7th Ed. 1999) .................................................... 9

## STATEMENT OF THE CASE

Appellant sued Appellee for breach of contract under the terms of a retail installment sale contract for the financing of Appellee's purchase of an automobile. CR 7-19.  Appellee appeared and answered through counsel. CR 23-26.

The trial court set a dismissal hearing for June 18, 2025, and duly notified the parties of the hearing.  CR 64-67. The trial court entered an Order of Dismissal For Want of Prosecution dated June 25, 2025. CR 68-69.

On July 1, 2025, Appellant, through counsel, filed Plaintiff's Unopposed Verified Motion to Reinstate Case. CR 70-73. On or about July 3, 2025, Plaintiff filed a proposed Order Reinstating Case on the Court's Docket. CR 74-75.  The proposed order was approved as to form and signed by Appellee's counsel, Zachary Lemelin.  CR 74.  The motion to reinstate was overruled by operation of law. Appellant filed its Notice of Appeal on September 18, 2025. CR 76-78.  The Clerk's record was filed with the Court of Appeals on October 28, 2025. CR 90.

## STATEMENT OF FACTS

Interra Credit Union, Appellant and trial court plaintiff, made a loan to Enrique Figueroa Laboy, Appellee and trial court defendant, for Laboy's financed purchase of an automobile. CR 7-19. The credit union retained a security interest in the automobile. CR 15-19. Laboy went into default on his obligation to make monthly installment payments to the credit union, the automobile was repossessed by the credit union and sold, and a deficiency balance in the amount of $23,366.15 remained due. CR 11-14. The credit union hired counsel, and a lawsuit was filed by the credit union seeking to recover contractual damages. CR 7-19.

Laboy appeared and answered through counsel. CR 23-26. The credit union filed its Plaintiff's Motion for Summary Judgment on January 31, 2025, and obtained a hearing on the motion on June 2, 2025 CR 30-46, 5. Laboy timely filed a response to the motion. CR 50-61. No ruling on the motion had been made at the time of the dismissal order. CR 2. The trial court entered a dismissal order on June 25, 2025. CR 68-69. The credit union filed Plaintiff's Unopposed Verified Motion to Reinstate Case, and a proposed order on same. CR 70-75. The credit union's counsel's office made multiple attempts to obtain a hearing on the motion to reinstate while the trial court retained plenary power over the case, but those efforts were unsuccessful. CR 82-88. This appeal ensued.

## ISSUES PRESENTED FOR REVIEW

Issue 1: Did the trial court abuse its discretion in not setting [Appellant's] Unopposed Verified Motion to Reinstate Case for a hearing?

Issue 2: Did the trial court err in denying [Appellant's] Unopposed Verified Motion to Reinstate Case by operation of law?

SUMMARY OF THE ARGUMENT

Appellant's first argument challenges the trial court's failure to set its Verified Unopposed Motion to Reinstate Case for a hearing. Appellant, the plaintiff in the underlying case, acknowledges that it did not appear for the June 18, 2025 dismissal hearing after receiving proper notice of the setting, which resulted in a dismissal order dated June 25, 2025. The failure to appear was due to a calendaring error on the part of Appellant's trial counsel, and not the result of conscious indifference. Under the rules, the trial court was required to set the motion to reinstate for a hearing.

Appellant's trial counsel's staff made several attempts to obtain a hearing on the motion to reinstate by reaching out to the Court Administrator by email and by telephone, without success. Ultimately, no hearing was set by the trial court and the motion was overruled by operation of law. The failure of the trial court to set the motion for a hearing was contrary to the express requirements of Texas Rule of Civil Procedure 165a (3), and was an abuse of the trial court's discretion.

Appellant's second argument challenges the trial court's denial of Plaintiff's Verified Motion to Reinstate the Case, which was by operation of law after the trial court failed to rule on the motion. The motion to reinstate was timely filed, it was verified by Appellant's trial counsel, and it gave a reasonable explanation for the failure to appear for the dismissal setting. The motion was unopposed by the

1

opposing party, whose trial counsel signed and approved the form of the proposed order to reinstate.  The trial court's denial of the motion was in error and an abuse of the court's discretion. For the foregoing reasons, Appellant respectfully requests that the order dismissing the case be reversed and that the case be reinstated as an active case on the trial court's docket.

ARGUMENT

**Issue 1**:  Did the trial court abuse its discretion in not setting [Appellant's] Unopposed Verified Motion to Reinstate Case for a hearing?

Factual Background

The trial court set a dismissal hearing for June 18, 2025, and duly notified the parties of the hearing.  CR 64-67.  Although the order does not state the reasons for the dismissal, Appellant concedes that neither it or its trial counsel appeared at the dismissal hearing despite receiving notice of same.  CR 70.  The trial court entered an Order of Dismissal for Want of Prosecution dated June 25, 2025. CR 68-69.  On July 1, 2025, Appellant, through counsel, filed Plaintiff's Unopposed Verified Motion to Reinstate Case. CR 70-73. The motion states that the failure to appear was due to a calendaring error, and was an accident or mistake and not the result of conscious indifference.  CR 70.

On or about July 3, 2025, Plaintiff filed a proposed Order Reinstating Case on the Court's Docket. CR 74-75.  The proposed order was approved as to form and signed by Appellee's counsel, Zachary Lemelin.  CR 74.  However, despite multiple attempts by the trial counsel's staff to obtain a hearing on the motion (*See* CR 83-87), the trial court never set the motion for a hearing.  As a result, the motion to reinstate was overruled by operation of law seventy-five days after the entry of the dismissal order.  *See* Tex. R. Civ. P. 165a (3).

3

<u>Argument & Authorities</u>

It is well-established in Texas that "[a] court may dismiss a case for want of prosecution under either Rule 165a or under its common law inherent authority." *Alexander v. Lynda's Boutique*, 134 S.W.3d 845, 850 & n.18 (Tex. 2004). "The same reinstatement procedures and timetable are applicable to all dismissals for want of prosecution including cases which are dismissed pursuant to the court's inherent power, whether or not a motion to dismiss has been filed." Tex. R. Civ. P. 165a(4). Rule 165a also states, in pertinent part: "**1. Failure to Appear**. A case may be dismissed for want of prosecution on failure of any party seeking affirmative relief to appear for any hearing or trial of which the party had notice." Tex. R. Civ. P. 165a (1).

Rule 165a further provides, in pertinent part: "…**3. Reinstatement.** A motion to reinstate shall set forth the grounds therefor and be verified by the movant or his attorney. It shall be filed with the clerk within 30 days after the order of dismissal is signed or within the period provided by Rule 306a. A copy of the motion to reinstate shall be served on each attorney of record and each party not represented by an attorney whose address is shown on the docket or in the papers on file. *The clerk shall deliver a copy of the motion to the judge, who shall set a hearing on the motion as soon as practicable*. The court shall notify all parties or their attorneys of record of the date, time and place of the hearing. The court shall reinstate the case

4

upon finding after a hearing that the failure of the party or his attorney was not intentional or the result of conscious indifference but was due to an accident or mistake or that the failure has been otherwise reasonably explained…" Tex. R. Civ. P. 165a (3) (emphasis added).

In the case at bar, on July 1, 2025, Appellant, through counsel, filed Plaintiff's Unopposed Verified Motion to Reinstate Case. CR 70-73. The motion to reinstate was filed within 30 days of the signing of the order of dismissal. CR 68. On or about July 3, 2025, Appellant's trial counsel filed a proposed Order Reinstating Case on the Court's Docket. CR 74-75. The proposed order was approved as to form and signed by Appellee's trial counsel, Zachary Lemelin. CR 74.

Under Rule 165a(3), the District Clerk was required to deliver a copy of the motion to reinstate to the trial judge, who was then required to set a hearing on the motion and to provide notice of same to all parties or their attorneys of record. *See* Tex. R. Civ. P. 165a (3); *see Thordson v. City of Houston*, 815 S.W.2d 550, 550 (Tex. 1991) (per curiam). The rule does not give the clerk discretion on whether it will deliver the motion to the court, and it does not give the judge discretion as to whether a hearing shall be set. *See Id*. However, although not required to do so

under a plain reading of the rule,[1] Appellant's counsel's staff made several attempts to contact the trial court and set a hearing on its motion to reinstate[2] – at least two attempts by email to the Court Administrator, Kayla Marrou, dated July 17, 2025 and September 2, 2025[3], and two attempts by telephone call to the main telephone number provided on the trial court's website,[4] the first on August 6, 2025, the second on September 2, 2025. CR 86-87.  Nevertheless, the trial court did not set the case for hearing and allowed it to be dismissed by operation of law.  *See* Tex. R. Civ. P. 165a (3) (providing that the motion to reinstate is deemed overruled by operation of law if not ruled upon by written order within seventy-five days of the entry of the dismissal order).  The trial court also took no action on the motion during the additional thirty days that it retained plenary power over the case. *See Id.*

---

[1] Appellant's counsel would note that, the plain language of Rule 165a notwithstanding, the courts of appeal are split on whether a party must specifically request a hearing to preserve error when the court fails to set a hearing on a motion to reinstate.  *See e.g., Parker v. Cain*, 550 S.W.3d 119, 123 (Tex.App. – Amarillo 2016, no pet.) (generally holding that the specific language of Rule 165a places the burden on the trial court, not the movant, to set a hearing on a motion to reinstate); *But see Calaway v. Gardner*, 525 S.W.2d 262, 264 (Tex.Civ.App. – Houston [14th Dist.] 1975, no writ) (finding a duty on the part off the movant to request a hearing).

[2] Appellant directs the Court of Appeals to a docket entry made by the trial court judge dated 9/19/25 (CR 5) indicating that he found no evidence that [Appellant] attempted to schedule a hearing. Appellant would submit that the trial judge was likely unaware of the prior attempts to set the motion to reinstate for hearing (*See* CR 83-87), and would note that on the date that the docket entry was made, the trial judge showed actual knowledge of the pending motion at a time that his court still retained plenary power over the case.  *See* Tex. R. Civ. P. 165a (3).

[3] The September 2, 2025 email also carbon copied the court reporter, Angela Chambers. CR 83

[4] **https://www.wilcotx.gov/500/395th-District-Court**

For the foregoing reasons, Appellant respectfully submits that the trial court abused its discretion in not setting Plaintiff's Unopposed Verified Motion to Reinstate Case for an oral hearing. Therefore, the denial of the motion to reinstate by operation of law should be reversed and the case reinstated and remanded to the trial court for further proceedings.

**Issue 2**: Did the trial court err in denying [Appellant's] Unopposed Verified Motion to Reinstate Case by operation of law?

Factual Background

In the instant case, the record reveals that a timely motion to reinstate case was filed by Appellant. CR 70-73. The record reveals that Appellant's trial counsel conferenced with Appellee's trial counsel prior to filing the motion to reinstate, and that Appellee's trial counsel was unopposed to the motion to reinstate. CR 71. The record further reveals that Appellant filed a proposed order reinstating the case with the clerk that had been signed and approved as to form by Appellee's counsel. CR 74-75. In the motion, Appellant states that its counsel's failure to appear at the motion hearing was due to a calendaring error, and not the result of conscious indifference. CR 70-73.

The record further reveals several unsuccessful attempts by Appellant's trial counsel's staff to contact the court coordinator to obtain a hearing on the motion to reinstate. CR 82-88. Finally, the record reveals that the trial court never set the

7

motion for reinstate for a hearing, and that the motion was overruled by operation of law seventy-five days after the entry of the dismissal order. *See* Tex. R. Civ. P. 165a (3). As shown below, the trial court erred in denying the motion to reinstate by operation of law.

Argument & Authorities

Texas appellate courts review the denial of a motion to reinstate for an abuse of discretion. *See Smith v. Babcock & Wilcox Constr. Co.*, 913 S.W.2d 467, 468 (Tex. 1995) (per curiam); *See also Enriquez v. Livingston,* 400 S.W.3d 610, 614 (Tex.App.—Austin 2013 pet. denied) (on rehearing); *See also Dalmex, Ltd. v. Apparel Enters., Inc.*, 455 S.W.3d 241, 243 (Tex. App.—El Paso 2015, no pet.) (citing *Smith*, 913 S.W.2d at 468). A trial court abuses its discretion when it acts arbitrarily or unreasonably, or without reference to any guiding rules and principles of law. *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241–42 (Tex. 1985). "With regard to factual matters, an abuse of discretion occurs if the record establishes that the 'trial court could reasonably have reached only one decision.'" *Dalmex, Ltd.*, 455 S.W.3d at 243 (quoting *Walker v. Packer*, 827 S.W.2d 833, 840 (Tex. 1992) (orig. proceeding)).

After a case is dismissed for want of prosecution, the trial court retains plenary jurisdiction for 30 days, during which time a party seeking reinstatement may file a motion to reinstate the case. Tex. R. Civ. P. 165a(3). Rule 165a(3) requires a motion

8

to reinstate to "be verified by the movant or his attorney." The plain language of [Rule 165a] requires that the motion be verified but is silent as to the form of verification. *Andrews v. Stanton*, 198 S.W.3d 4, 7-8 (Tex. App. – El Paso 2006, no pet.). A verification is "[a] formal declaration made in the presence of an authorized officer, such as a notary public, by which one swears to the truth of the statements in the document." *Id.* at 8 (quoting Black's Law Dictionary 1556 (7th Ed. 1999)). In the event for any reason a motion for reinstatement is not decided by signed written order within seventy-five days after the judgment is signed, or, within such other time as may be allowed by Rule 306a, the motion shall be deemed overruled by operation of law. If a motion to reinstate is timely filed by any party, the trial court, regardless of whether an appeal has been perfected, has plenary power to reinstate the case until 30 days after all such timely filed motions are overruled, either by a written and signed order or by operation of law, whichever occurs first. Tex. R. Civ. P. 165a(3).

A trial court abuses its discretion in denying reinstatement following a dismissal for want of prosecution when an attorney's explanation for a failure to appear is reasonable. *Dalmex*, 455 S.W.3d at 244. The excuse need not be a good one to suffice. *Id.*; *See Whitworth v. Blumenthal*, 59 S.W.3d 393, 401 (Tex.App. – Dallas 2001, pet. dism'd by agr.). The trial court is required to reinstate the case upon finding after a hearing that the failure of the party or his attorney was not

intentional or the result of conscious indifference but was due to an accident or mistake or that the failure has been otherwise reasonably explained. Tex. R. Civ. P. 165a(3).

A failure to appear is not intentional or due to conscious indifference within the meaning of the rule merely because it is deliberate; it must also be without adequate justification. *Smith*, 913 S.W.2d at 468 (Tex. 1995). Proof of such justification – accident, mistake or other reasonable explanation – negates the conscious indifference for which reinstatement can be denied. *Id.*

The facts of this case are analogous to those found in *Dalmex*. Similar to the instant case, the appellant in *Dalmex* had its case dismissed after its counsel failed to appear for a dismissal hearing. *See Dalmex, Ltd.*, 455 S.W.3d at 243. Like the case at bar, the *Dalmex* appellant also filed a timely motion to reinstate, alleging a calendaring error on the part of its counsel as the reason for counsel's non-appearance at the dismissal hearing. *See Id.* As was the case in *Dalmex*, the appellee in the instant case did not file a response to the motion to reinstate or otherwise controvert the facts contained therein. *See Id.* Finally, as in this case, the *Dalmex* trial court did not set the motion to reinstate for a hearing, and the motion was overruled by operation of law seventy-five days after dismissal. *See Id.*

Upon appeal, the Eighth Court of Appeals reversed and remanded the denial of the *Dalmex* appellant's motion to reinstate. *See Dalmex, Ltd.*, 455 S.W.3d at 244.

In so doing, the appellate court found that "…the trial court abused its discretion in allowing Dalmex's motion to reinstate to be overruled by operation of law" because "… the uncontroverted, sworn facts in Dalmex's motion to reinstate constituted adequate justification for counsel's failure to appear at the dismissal hearing." *Id.* According to the *Dalmex* court, "…Rule 165a bound the trial court to reach only one decision to reinstate the case." *Id.*

Plaintiff's Unopposed Verified Motion to Reinstate Case was filed on July 1, 2025, within 30 days of the trial court's dismissal order. CR 68-73. The motion states that the failure to appear was an accident or a mistake due to an apparent calendaring error, and not as a result of conscious indifference. CR 70. Also, the motion was properly verified by the appellant's trial counsel before a notary public. CR 72.

Moreover, the certificate of conference in the motion and the form-approved order for reinstatement show that the motion was unopposed by Appellee's trial counsel. CR 71, 74. The record does not contain a response to the motion, or any other filing that would indicate that the non-moving party was opposed to the motion. Furthermore, no findings that support the trial court's denial of the motion appear in the record. Accordingly, the trial court in this case "…could reasonably have reached only one decision" (*see Dalmex, Ltd.*, 455 S.W.3d at 243; and *Walker*, 827 S.W.2d at 840), *i.e.*, the reinstatement of this case. Because the trial court

11

abused its discretion in denying the motion to reinstate the case by operation of law, Appellant respectfully submits that the case should be reinstated as an active case on the trial court's docket.

## PRAYER

Appellant respectfully prays that the Court set this matter for oral argument, and that upon such argument find in favor of Appellant, and that the underlying lawsuit be reinstated as an active case on the trial court's docket. Appellant prays for such other and further relief to which it may show itself to be justly entitled.

Respectfully Submitted:

*/s/ Samuel E. Sprowles*

_____
Samuel E. Sprowles
Texas Bar No. 24041963
Law Office of Samuel E. Sprowles
7001 Westwind Drive, Ste. V-6
El Paso, Texas 79912
Tel. (915) 532-0222
sprowles.lawoffice@gmail.com

ATTORNEY FOR APPELLANT,
INTERRA CREDIT UNION

## CERTIFICATE OF COMPLIANCE

This document complies with the type-volume limitations of Texas Rule of Appellate Procedure 9. This brief contains 4,329 words, excluding the parts of the brief excepted, and has been prepared in a proportionally spaced typeface using Microsoft Word in Times New Roman, 14 point.

*/s/ Samuel E. Sprowles*

_____

Samuel E. Sprowles

## CERTIFICATE OF SERVICE

This is to certify that a true copy of the foregoing has been served on all interested parties via electronic service on November 28, 2025.

*/s/ Samuel E. Sprowles*

_____

Samuel E. Sprowles

APPENDIX

TAB 1

Filed: 06/26/25          8:38 A.M.
Lisa David, District Clerk
Williamson County, Texas
By: Gates, Amy

CAUSE NO. 240473C395}

| | | |
|---|---|---|
| INTERRA CREDIT UNION, | § | IN THE DISTRICT COURT |
| PLAINTIFF | § | |
| | § | |
| VS. | § | 395TH JUDICIAL DISTRICT |
| | § | |
| ENRIQUE FIGUEROA | § | |
| LABOY, | § | WILLIAMSON      COUNTY |
| DEFENDANT | | TEXAS |

## ORDER OF DISMISSAL FOR WANT OF PROSECTION

IT IS HEREBY ORDERED that the above entitled and numbered cause of action be DISMISSED FOR WANT OF PROSECUTION. Costs of courts are assessed against the party incurring the same. IT IS THEREFORE ORDERED ANY PRIOR JUDGMENTS ARE HEREBY MADE FINAL.

SIGNED this    **6/25/2025 12:40:59 PM**

*Ryan D. Larson*

_____

Judge Presiding

TAB 2

# Tex. R. Civ. P. 165a

**1. Failure to Appear.** A case may be dismissed for want of prosecution on failure of any party seeking affirmative relief to appear for any hearing or trial of which the party had notice. Notice of the court's intention to dismiss and the date and place of the dismissal hearing must be sent by the clerk to the parties as provided in Rule 21(f)(10). At the dismissal hearing, the court must dismiss for want of prosecution unless there is good cause for the case to be maintained on the docket. If the court determines to maintain the case on the docket, it must render a pretrial order assigning a trial date for the case and setting deadlines for the joining of new parties, all discovery, filing of all pleadings, the making of a response or supplemental responses to discovery and other pretrial matters. The case may be continued thereafter only for valid and compelling reasons specifically determined by court order. The clerk must send any order to the parties as provided in Rule 21(f)(10). Failure to send notices and orders as required by this rule does not affect any of the periods mentioned in Rule 306a except as provided in that rule…

**3. Reinstatement.** A motion to reinstate shall set forth the grounds therefor and be verified by the movant or his attorney. It shall be filed with the clerk within 30 days after the order of dismissal is signed or within the period provided by Rule 306a. A copy of the motion to reinstate shall be served on each attorney of record and each party not represented by an attorney whose address is shown on the docket or in the papers on file. The clerk shall deliver a copy of the motion to the judge, who shall set a hearing on the motion as soon as practicable. The court shall notify all parties or their attorneys of record of the date, time and place of the hearing. The court shall reinstate the case upon finding after a hearing that the failure of the party or his attorney was not intentional or the result of conscious indifference but was due to an accident or mistake or that the failure has been otherwise reasonably explained. In the event for any reason a motion for reinstatement is not decided by signed written order within seventy-five days after the judgment is signed, or, within such other time as may be allowed by Rule 306a, the motion shall be deemed overruled by operation of law. If a motion to reinstate is timely filed by any party, the trial court, regardless of whether an appeal has been perfected, has plenary power to reinstate the case until 30 days after all such timely filed motions are overruled, either by a written and signed order or by operation of law, whichever occurs first.

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Samuel Sprowles
Bar No. 24041963
sprowles.lawoffice@gmail.com
Envelope ID: 108526252
Filing Code Description: Brief Requesting Oral Argument
Filing Description: Appellant's Brief
Status as of 12/1/2025 7:29 AM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|---------------------|--------|
| Samuel E.Sprowles | | sprowles.lawoffice@gmail.com | 11/28/2025 1:25:22 PM | SENT |
| Zachary Lemelin | | Zack@cimentlawfirm.com | 11/28/2025 1:25:22 PM | SENT |
| Daniel JCiment | | Daniel@cimtentlawfirm.com | 11/28/2025 1:25:22 PM | SENT |